J. S67002/16

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| MICHAEL WASHINGTON, | : | No. 1157 EDA 2016 |
| | : | |
| Appellant | : | |

Appeal from the PCRA Order, March 22, 2016,
in the Court of Common Pleas of Chester County
Criminal Division at No. CP-15-CR-0003003-2005,
CP-15-CR-0003130-2005, CP-15-CR-0005357-2005,
CP-15-CR-0005974-2005

BEFORE:  FORD ELLIOTT, P.J.E., RANSOM, J. AND STEVENS, P.J.E.*

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED SEPTEMBER 23, 2016**

Michael Washington appeals, *pro se*, from the order of March 22, 2016, dismissing his PCRA[1] petition without a hearing.  We affirm.

The PCRA court summarized the procedural history of this matter as follows:

> The PCRA petition now before the Court was filed in four docket numbers.  We will briefly set out the relevant procedural history in those docket numbers.  In docket number 53[57]-2005, [appellant] was convicted by a jury of one (1) count of Possession of a Controlled Substance with the Intent to Deliver ("PWID") cocaine, one count of Possession of a Controlled Substance (cocaine), and one (1) count of Possession of Drug Paraphernalia.

---

* Former Justice specially assigned to the Superior Court.

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

On May 31, 2006, [appellant] was sentenced on the one count of PWID to three (3) to six (6) years['] incarceration in a state correctional institution. No sentence was imposed on the Possession of Drug Paraphernalia or Possession of a Controlled Substance counts. [Appellant] received credit for time served.

In docket number 5974-2005, [appellant] entered a negotiated guilty plea to one (1) count [of] Persons Not to Possess a Firearm and one (1) count of PWID (cocaine). On the one count of Persons Not to Possess a Firearm, [appellant] was sentenced to five (5) to ten (10) years['] incarceration in a state correctional institution. This sentence was to run consecutive to the sentence imposed in docket number 5357-2005. On the one count of PWID, [appellant] received five (5) years of probation to be served consecutive to the sentence imposed on the Persons Not to Possess a Firearm charge. As part of this negotiated plea agreement, the sentences imposed in docket numbers 3003-2005 and 3130-2005 were to run concurrent with the sentences imposed in this case and also with docket number 53[57]-2005.

In docket number 3003-2005, [appellant] plead guilty pursuant to a negotiated guilty plea to two (2) counts of PWID (cocaine). [Appellant] was sentenced on count one to two (2) to four (4) years['] incarceration in a state correctional institution. On count two of that same information, [appellant] was sentenced to two (2) to four (4) years['] incarceration in a state correctional institution. The second PWID count was imposed concurrent with the first count. The sentences imposed in this docket number were to run concurrent with the sentences imposed in docket numbers 53[57]-2005 and 5974-2005.

In docket number 3130-2005, [appellant] plead guilty pursuant to a negotiated guilty plea to one (1) count of PWID (cocaine). [Appellant] was sentenced on the one count of PWID to two (2) to

four (4) years['] incarceration in a state correctional institution followed by two (2) years of consecutive probation. The sentence imposed in this docket number was to run concurrent to the sentences imposed in docket numbers 53[57]-2005 and 5974-2005.

"Notice of Intent to Dismiss PCRA Petition Pursuant to Pa.R.Crim.P. 907(1),"

2/11/16 at 2-3 n.2.

On November 12, 2015, [appellant] filed a *pro se* [PCRA] petition with this Court. On November 24, 2015, Robert P. Brendza, Esquire, was appointed to represent [appellant] in all matters pertaining to the Petition. On February 2, 2016, Attorney Brendza petitioned the Court for leave to withdraw as PCRA counsel, filing a "no-merit" letter pursuant to the procedures outlined in Commonwealth v. Turner, 544 A.2d 927 (Pa. 1988) and Commonwealth v. Finley, 550 A.2d 213 (Pa.Super. 1988) [(*en banc*)].

On February 11, 2016, we issued a Notice of Intent to Dismiss [Appellant's] PCRA Petition ("907 Notice"), explaining to [appellant] that his petition lacked arguable merit. In the 907 Notice, we also informed [appellant] that he was not entitled to relief under the PCRA and that he had twenty (20) days from the date of docketing of the 907 Notice to file a response.

On February 12, 2016, [appellant] filed a *pro se* pleading entitled "Motion for Extraordinary Relief Pursuant to 42 Pa.C.S. § 5504-5505 and Article I, Section 14 of the Pennsylvania Constitution and for Post Conviction Relief Under the [PCRA], 42 Pa.C.S. § 9542 et seq." On February 25, 2016, we issued an Order directing the Chester County Clerk of Courts to forward a copy of [appellant's] *pro se* Motion to Attorney Brendza for his review.

Order, 3/22/16 at 1-2 n.1.

> In the February 25, 2016 [order], we directed Attorney Brendza to review all of [appellant's] *pro se* concerns raised in the Motion and to file either an amended PCRA petition or response to the Motion explaining why [appellant's] *pro se* concerns did not entitle him to relief under the PCRA. On February 29, 2016, [appellant] filed a second pleading entitled "Pro se Response to PCRA Court's Notice to Dismiss Petition for Writ of Habeas Corpus Relief Pursuant to Article I, Section 14 of the Pennsylvania Constitution and for Post-Conviction Relief Pursuant to 42 Pa.C.S. Section 9542, et seq." Since this pleading was filed after our February 25, 2016 Order requiring Attorney Brendza to respond to the first pleading, that Order did not address the second pleading. However, on March 16, 2016, Attorney Brendza filed a Letter containing a response to both of [appellant's] *pro se* pleadings.

*Id.* at 2 n.1.

On March 22, 2016, the PCRA court entered an order dismissing appellant's PCRA petition, rejecting appellant's argument that ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151 (2013), should be applied retroactively in his case. The PCRA court also granted Attorney Brendza leave to withdraw as PCRA counsel. A timely *pro se* notice of appeal was filed on April 8, 2016. On April 13, 2016, appellant was ordered to file a concise statement of errors complained of on appeal within 21 days pursuant to Pa.R.A.P. 1925(b); appellant complied on April 27, 2016, and on May 4, 2016, the PCRA court filed a Rule 1925(a) opinion.[2]

---

[2] According to the PCRA court, appellant filed his Rule 1925(b) statement but did not serve it on the judge. (PCRA court opinion, 5/4/16 at 1 n.1.) Typically, a failure to comply with Rule 1925 by filing a Rule 1925(b) statement with the court and concurrently serving the statement on the trial

Appellant has raised the following issues for this court's review:

> A. Does Not A Challenge To A Sentence Pursuant to <u>Alleyne v. United States</u>, 133 S.Ct. 2151 (2013), implicates [sic] the legality of the sentence and is therefore non-waivable?

---

judge results in waiver of all issues. **See** Pa.R.A.P. 1925(b)(1) ("Appellant shall file of record the Statement and concurrently shall serve the judge."); **Egan v. Stroudsburg School Dist.**, 928 A.2d 400 (Pa.Cmwlth. 2007) (where appellant filed concise statement of matters complained of on appeal with prothonotary, but did not concurrently serve the trial judge, all issues deemed waived); **Commonwealth v. $766.00 U.S. Currency**, 948 A.2d 912 (Pa.Cmwlth. 2008) (appellant's issues waived where he filed a 1925(b) statement with court but did not serve the same on the trial judge). **See also Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005) ("[F]ailure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised."). We further note that because appellant is **pro se**, the remand procedure added to Rule 1925 in 2007 does not apply. **See** Pa.R.A.P. 1925(c)(3) ("If an appellant in a criminal case was ordered to file a Statement and failed to do so, such that the appellate court is convinced that counsel has been per se ineffective, the appellate court shall remand for the filing of a Statement nunc pro tunc and for the preparation and filing of an opinion by the judge.") (codifying the procedure established by this court in **Commonwealth v. West**, 883 A.2d 654 (Pa.Super. 2005). In addition, this is an appeal from denial of a PCRA petition. Our supreme court has held that the procedure devised in **West**, as codified in Rule 1925(c)(3), does not apply to PCRA appeals. **Commonwealth v. Hill**, 16 A.3d 484 (Pa. 2011). Nevertheless, because appellant's claim goes to the legality of his sentence, which is non-waivable, we will not find waiver on this basis. **See**, **e.g.**, **Commonwealth v. Edrington**, 780 A.2d 721, 723 (Pa.Super. 2001), citing **Commonwealth v. Archer**, 722 A.2d 203, 209 (Pa.Super. 1998). **See also Commonwealth v. Fennell**, 105 A.3d 13, 15 (Pa.Super. 2014), **appeal denied**, 121 A.3d 494 (Pa. 2015), citing **Commonwealth v. Lawrence**, 99 A.3d 116, 123 (Pa.Super. 2014) ("issues pertaining to **Alleyne** go directly to the legality of the sentence"); **Commonwealth v. Miller**, 102 A.3d 988, 995 (Pa.Super. 2014) ("this Court is endowed with the ability to consider an issue of illegality of sentence **sua sponte**"), quoting **Commonwealth v. Orellana**, 86 A.3d 877, 883 n.7 (Pa.Super. 2014) (citation omitted). **But see Commonwealth v. Barnes**, 122 A.3d 1034, 1034-1035 (Pa. 2015) (**per curiam**) (granting **allocatur** to determine whether an **Alleyne** violation renders a sentence illegal for issue preservation purposes).

> B. Did Not The PCRA Court Err in finding Appellant's PCRA Petition as untimely pursuant to 42 Pa.C.S.A. § 9545(b)(1)(iii)[,](2)?

Appellant's brief at 1.

> This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. ***Commonwealth v. Halley***, 582 Pa. 164, 870 A.2d 795, 799 n. 2 (2005). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. ***Commonwealth v. Carr***, 768 A.2d 1164, 1166 (Pa.Super. 2001).

***Commonwealth v. Turetsky***, 925 A.2d 876, 879 (Pa.Super. 2007), ***appeal denied***, 940 A.2d 365 (Pa. 2007).

Appellant argues that his mandatory minimum sentence imposed pursuant to 42 Pa.C.S.A. § 9712.1 (drug offenses committed with firearms) was illegal in light of ***Alleyne*** (holding that any fact that, by law, increases the penalty for a crime is required to be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt). In ***Commonwealth v. Newman***, 99 A.3d 86 (Pa.Super. 2014) (***en banc***), ***appeal denied***, 121 A.3d 496 (Pa. 2015), we found Section 9712.1 unconstitutional in its entirety. "Under ***Alleyne***, the possession of the firearm must be pleaded in the indictment, and must be found by the jury beyond a reasonable doubt before the defendant may be subjected to an increase in the minimum sentence." ***Newman***, 99 A.3d at 98. Because Section 9712.1 allows the trial court, as opposed to a jury, to

increase a defendant's minimum sentence based upon a preponderance of the evidence that the defendant was dealing drugs while in possession of a firearm, or that a firearm was "in close proximity" to the drugs, it does not pass constitutional muster under **Alleyne**. **Id.**; **see also Commonwealth v. Valentine**, 101 A.3d 801 (Pa.Super. 2014), **appeal denied**, 124 A.3d 309 (Pa. 2015) (by allowing the jury to determine beyond a reasonable doubt the elements of the mandatory minimum sentencing provisions of 42 Pa.C.S.A. §§ 9712 and 9713, the trial court performed an impermissible legislative function, effectively determining that the unconstitutional provisions were severable).

Nevertheless, it is well settled that **Alleyne** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition. **Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super. 2014). As the PCRA court observed, there is no dispute that appellant filed his petition outside the PCRA's one-year jurisdictional time limitation. (Rule 907 Notice, 2/11/16 at 4 n.2.) Appellant relies on the after-recognized constitutional right exception to the one-year time bar enumerated at 42 Pa.C.S.A. § 9545(b)(1)(iii). Recently, however, our supreme court decided that **Alleyne** does not apply retroactively to collateral attacks on mandatory minimum sentences advanced in post-conviction relief proceedings. **Commonwealth v. Washington**, ___ A.3d ___, 2016 WL 3909088 (Pa.

July 19, 2016).[3]  **Alleyne** was not a groundbreaking, "watershed" rule of criminal procedure that applies retroactively on collateral review.  **Id.**; **see Teague v. Lane**, 489 U.S. 288 (1989) (plurality) (a new constitutional rule of criminal procedure does not generally apply to convictions that were final when the new rule was announced).  Therefore, appellant is not entitled to the benefit of **Alleyne**.[4]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/23/2016

---

[3] Furthermore, appellant did not file his petition within 60 days of **Alleyne** or this court's decision in **Newman**, invalidating Section 9712.1.  (907 Notice, 2/11/16 at 6 n.2.)  **See** 42 Pa.C.S.A. § 9545(b)(2) (a petition invoking one of the statutory exceptions must be filed within 60 days of the date the claim could have been presented); **Commonwealth v. Brandon**, 51 A.3d 231, 235 (Pa.Super. 2012) ("[T]he sixty-day period begins to run upon the date of the underlying judicial decision."), quoting **Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa.Super. 2007).

[4] Apparently, on August 20, 2015, appellant was found to be in violation of his probation and was resentenced.  (Commonwealth's brief at 31.)  However, this did not "reset the clock" for PCRA purposes.  **See Commonwealth v. Fowler**, 930 A.2d 586, 592 (Pa.Super. 2007), **appeal denied**, 944 A.2d 756 (Pa. 2008) ("Therefore, the time for seeking PCRA relief following . . . the imposition of a new sentence runs for one year from the conclusion of direct review of that new sentencing order, **but only as to the issues of the validity of the revocation proceedings and the legality of the new sentence**."), quoting **Commonwealth v. Anderson**, 788 A.2d 1019, 1022 (Pa.Super. 2001) (emphasis in original).  Here, appellant is challenging the legality of the initial sentence.