J-S60001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| LAWRENCE A. GAINES, | |
| Appellant | No. 3311 EDA 2015 |

Appeal from the PCRA Order October 9, 2015
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0003210-2012

BEFORE:  SHOGAN, OTT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED SEPTEMBER 27, 2016**

Appellant, Lawrence A. Gaines, appeals from the October 9, 2015 order that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After careful review, we vacate and remand for further proceedings.

In a criminal information filed on November 14, 2012, Appellant was charged with one count of criminal homicide for the death of William Thompson on July 3, 2012, in Easton, Pennsylvania.  Following a jury trial, Appellant was found guilty of first-degree murder.  On May 9, 2013, the trial court sentenced Appellant to a term of life imprisonment without the possibility of parole.  Appellant filed post-sentence motions that were

---

[*]  Retired Senior Judge assigned to the Superior Court.

denied, and he subsequently filed a timely appeal. This Court affirmed Appellant's judgment of sentence, and the Supreme Court denied Appellant's petition for allowance of appeal. *Commonwealth v. Gaines*, 1938 EDA 2013, 107 A.3d 217 (Pa. Super. filed September 2, 2014) (unpublished memorandum), *appeal denied*, 718 MAL 2014, 109 A.3d 678 (Pa. filed February 17, 2015).

On June 8, 2015, Appellant filed a timely PCRA petition, and the PCRA court appointed counsel on June 16, 2015. On August 13, 2015, Appellant filed an amended PCRA petition *pro se* despite being represented by counsel. The PCRA court held a hearing on August 21, 2015. This hearing was not dispositive; rather, it was referred to as an "issue framing conference." N.T., 8/21/15, at 16. At this conference, Appellant's counsel informed the PCRA court of the claims Appellant wanted to raise but concluded that after reviewing the case, there were no meritorious issues. *Id*. at 12-19. The PCRA court then instructed as follows:

> THE COURT: Well, here's what we're going to do, Mr. Karam [("PCRA counsel")]. [PCRA counsel] is appointed to represent you. I'm going to take under advisement what I just heard from him. He's going to send me a letter that deals not only [with] the first PCRA, but your amended PCRA, and then I'll have to make a decision based on what I received from him as to whether, as he said, whether there should be a hearing or whether to dismiss [the PCRA petition] without a hearing. And then you will have to delineate what your rights are thereafter.

- 2 -

*Id*. at 19. We interpret this language from the PCRA court as an instruction to PCRA counsel to properly file a ***Turner/Finley***[1] motion to withdraw and a "no-merit letter," after which the PCRA court would decide the motion and dispose of Appellant's PCRA petition.

On September 16, 2015, the PCRA court sent Appellant notice of its intent to dismiss the PCRA petition without a hearing pursuant to Pa.R.Crim.P. 907. In an order filed on October 9, 2015, the PCRA court dismissed Appellant's petition, and Appellant filed a timely appeal. On November 4, 2015, the PCRA court filed an order directing Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on or before November 25, 2015. On December 14, 2015, the PCRA court filed a statement in which it concluded that Appellant had failed to file a Pa.R.A.P. 1925(b) statement, rendering any issues on appeal waived.[2] However, the PCRA court's docket entries reveal and the record confirms that Appellant's Pa.R.A.P. 1925(b) statement was timely filed on November 20, 2015. Certified Record at Docket Entry 75.

---

[1] *See **Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) (setting forth the requirements for counsel to withdraw from representing a petitioner on collateral review).

[2] An appellant's failure to comply with an order to file a Pa.R.A.P. 1925(b) statement generally results in waiver of all issues on appeal. ***Commonwealth v. Castillo***, 888 A.2d 775, 780 (Pa. 2005).

The Commonwealth argues that while Appellant properly filed his Pa.R.A.P. 1925(b) statement, he failed to serve it on the PCRA court, and therefore, his issue on appeal is waived. Commonwealth's Brief at 8 (citing *Commonwealth v. $766.00 U.S. Currency*, 948 A.2d 912 (Pa. Cmwlth. 2008)).[3] Under the facts of this case, however, we decline to find waiver based on Appellant's failure to serve the Pa.R.A.P. 1925(b) statement on the PCRA judge. Appellant is an indigent, *pro se* petitioner, who was incarcerated at the time of the filing. We note that "strict application of the bright-line rule [concerning waiver under Pa.R.A.P. 1925(b)] necessitates strict interpretation of the rules regarding notice of Rule 1925(b) orders." *In re L.M.*, 923 A.2d 505, 509-510 (Pa. Super. 2007) (citing *Commonwealth v. Davis*, 867 A.2d 585, 588 (Pa. Super. 2005)); and **see** Pa.R.Crim.P. 114.

In order for an appellant to be subject to waiver for failing to comply with Pa.R.A.P. 1925(b), the trial court must first issue an order directing the appellant to do so. *Commonwealth v. Hess*, 810 A.2d 1249, 1252 (Pa. 2002). Here, while the docket provides the date of the Rule 1925(b) order, it does not reflect that it was served on Appellant; the docket entry lists no recipients, only a notation stating "interoffice." Docket Entry, 11/4/15. "If

---

[3] The Commonwealth, however, concedes that we are not bound by decisions of the Commonwealth Court. Commonwealth's Brief at 8 n.4.

the docket does not show that notice of the entry of a Rule 1925(b) order was provided to an appellant, then we will not conclude that the appellant's issues have been waived[.]" *In re L.M.*, 923 A.2d at 510. Thus, for these reasons we decline to find waiver.

On appeal, Appellant raises the following issue:

> Whether Appellant was effectively deprived of his right to counsel on his first PCRA petition to the extent that PCRA counsel's 'no-merit' letter did not evidence any meaningful participation where PCRA counsel failed to address all of [the] issues?

Appellant's Brief at 4.

Our standard of review of an order granting or denying relief under the PCRA requires us to determine whether the decision of the PCRA court is supported by the evidence of record and is free of legal error. *Commonwealth v. Perez*, 103 A.3d 344, 347 (Pa. Super. 2014). "The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." *Commonwealth v. Lippert*, 85 A.3d 1095, 1100 (Pa. Super. 2014).

After review, we conclude that Appellant is entitled to remand. As will be explained below, counsel's withdrawal from representation and the PCRA court's Rule 907 notice are fatally flawed.

Initially, we note that generally, a PCRA appellant waives issues pertaining to the adequacy of PCRA counsel's no-merit letter if he fails to raise them during the twenty-day response period provided by Pa.R.Crim.P.

907. ***Commonwealth v. Pitts***, 981 A.2d 875, 879 n.3 (Pa. 2009).

However, the instant case is distinguishable from ***Pitts***. Herein, there is no evidence in the record that a motion to withdraw or no-merit letter pursuant to ***Turner/Finley*** were filed or that Appellant was timely served.[4] Therefore, Appellant was not informed properly of his rights under the PCRA or his ability to respond to counsel's motion to withdraw.

In the Rule 907 notice, the PCRA court stated that counsel filed a "no-merit" letter on August 24, 2015, and it granted the motion to withdraw;

_____

[4] The requirements for withdrawal in collateral proceedings are as follows:

> Counsel petitioning to withdraw from PCRA representation must proceed ... under ***Turner***, ***supra*** and ***Finley***, ***supra*** and ... must review the case zealously. ***Turner/Finley*** counsel must then submit a no-merit letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.

> Counsel must also send to the petitioner: (1) a copy of the no merit letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.

> Where counsel submits a petition and no-merit letter that ... satisfy the technical demands of ***Turner/Finley***, the court—trial court or this Court—must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commowealth v. Walters***, 135 A.3d 589, 591 (Pa. Super. 2016) (quotation marks and citations omitted).

however, there is no motion to withdraw or ***Turner/Finley*** letter in the certified record, and the PCRA court docket entries do not reflect the filing of those documents. Further convoluting matters is the fact that, in Appellant's *pro se* brief, he appends a copy of a ***Turner/Finley*** letter which was addressed to the PCRA court. Appellant's Brief at Exhibit D. However, as noted, this document was never filed of record and does not appear on the docket.[5] Thus, we are unable to determine when Appellant may have received the letter or if he was informed of his rights under ***Turner/Finley*** prior to the order that dismissed his PCRA petition. Moreover, as an appellate court, we may only consider facts that have been duly certified in the record on appeal, and a document does not become part of the record by merely appending it to a brief or reproduced record. ***Commonwealth v. Jordan***, 65 A.3d 318, 335 (Pa. 2013). Accordingly, the only document that counsel filed of record is a handwritten *praecipe* withdrawing his appearance that he filed on September 17, 2015, the day after the PCRA court sent Appellant the Rule 907 notice. Certified Record, at Docket Entry 69.

Based on the record before us, there was no motion to withdraw filed, and the order permitting counsel to withdraw, which was contained within the Rule 907 notice, is not responsive to any properly-filed motion. Thus,

---

[5] In its brief, the Commonwealth acknowledges that while the PCRA court and Appellant reference the ***Turner/Finley*** letter, it does not appear on the docket. Commonwealth's Brief at 5.

counsel did not correctly withdraw and Appellant was not properly apprised of his rights as required under **Turner/Finley**.

Accordingly, in light of these deficiencies, we vacate the PCRA court's order. We remand this case to permit counsel to properly file a no-merit letter and provide Appellant the rights he is afforded under **Turner/Finley** and its progeny.

Order vacated. Case remanded for further proceedings consistent with this Memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/27/2016