IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania    :
    :
        v.        :  No. 1547 C.D. 2016
    :  SUBMITTED:  May 5, 2017
Ronnie Weldon,    :
        Appellant    :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
            HONORABLE JULIA K. HEARTHWAY, Judge
            HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION
BY JUDGE HEARTHWAY          FILED:  August 31, 2017


Ronnie Weldon (Weldon) appeals pro se from the order of the Montgomery County Court of Common Pleas (trial court) granting the Petition for Forfeiture submitted by the Commonwealth of Pennsylvania. The trial court ordered three thousand five hundred forty-six dollars ($3,546.00) in United States currency to be forfeited to the Commonwealth under the Controlled Substances Forfeiture Act, 42 Pa.C.S. §§ 6801-6802. Because Weldon has waived the issues he seeks to raise here, we affirm.

The facts underlying the seizure of the currency are not in dispute. On or around September 12, 2014, the Commonwealth seized the currency from Weldon's residence while executing a search warrant following his arrest for drug-related offenses. Weldon pled guilty to the offenses, and the Commonwealth filed

a petition for forfeiture on October 15, 2014. In the petition, the Commonwealth alleged that the currency was located in close proximity to a controlled substance when seized. Further, the petition alleged that Weldon had been engaged in the sale and distribution of controlled substances in violation of the Controlled Substance, Drug, Device and Cosmetic Act,[1] and had sold controlled substances to confidential informants in exchange for currency on multiple occasions in 2014. On December 19, 2014, the Commonwealth filed a motion for default judgment, arguing that no person had filed a claim to the $3,546.00. On the same day, the trial court entered an order for default judgment, ordering that the currency be forfeited to the Commonwealth.

On March 1, 2016, Weldon filed a motion for the return of the property. The Commonwealth agreed to open the previous default judgment and filed a motion seeking forfeiture of the property. Following a hearing on March 9, 2016, the trial court denied Weldon's motion for the return of the property and granted the Commonwealth's forfeiture motion.

On June 3, 2016, Weldon filed a notice of appeal to the Superior Court, and on June 7, 2016, the trial court ordered Weldon to file a concise statement of errors complained of on appeal within twenty-one days pursuant to Pa.R.A.P. 1925(b). Weldon failed to file a 1925(b) statement. On July 25, 2016, the trial court issued a Rule 1925 opinion submitting that Weldon's failure to file a concise statement constituted a waiver of his right to appeal under Rule

---

[1] Act of April 14, 1972, P.L. 233, No. 64, *as amended,* 35 P.S. §§ 80-101 to 780-144.

1925(b)(4)(vii). On August 5, 2016, the Superior Court of Pennsylvania transferred the appeal to this Court.

On appeal,[2] Weldon argues that the $3,546.00 seized by the Commonwealth was not related to illegal drug activity, and that incarceration prevented him from receiving a hearing on the return of his currency. The Commonwealth succinctly argues that Weldon waived all appellate issues when he failed to file a concise statement of matters complained of on appeal after the trial court ordered him to do so.

Failure to file a concise statement when ordered by the trial court results in a waiver of issues on appeal. *Commonwealth v. $766.00 United States Currency*, 948 A.2d 912, 915 (Pa. Cmwlth. 2008) (citing *Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998)). "[I]n order to preserve their claims for appellate review, Appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived." *Lord*, 719 A.2d at 309. The Supreme Court's establishment of a bright-line rule in *Lord* makes waiver under Rule 1925 automatic with no room for interpretation. *See Commonwealth v. Butler*, 812 A.2d 631, 633 (Pa. 2002).

---

[2] Our scope of review over forfeiture matters is limited to determining whether the trial court's findings are supported by substantial evidence, and whether the trial court abused its discretion, or whether there was an error of law. *Commonwealth v. $3961.00 Cash*, 1 A.3d 999, 1001 (Pa. Cmwlth. 2010).

Here, Weldon failed to comply with Pa.R.A.P. 1925(b). In the trial court's June 7, 2016 order, Weldon was directed to file a 1925(b) statement within twenty-one days or else his claims would be waived. Because the trial court properly ordered Weldon to file a concise statement of matters complained of on appeal under Rule 1925(b), Weldon's failure to do so results in the automatic waiver of his claims.[3]

Alternatively, Weldon submitted a concise statement *nunc pro tunc* on October 11, 2016, after the matter was pending before this Court. Rule 1925(b)(2) permits judges to allow an appellant to file a concise statement on a *nunc pro tunc* basis in "extraordinary circumstances." Pa.R.A.P. 1925(b)(2). However, nowhere in Weldon's *nunc pro tunc* statement does he allege any extraordinary circumstances that prevented him from filing a timely statement with the trial court. As a result, we find that this does not free Weldon from automatic waiver under Rule 1925(b).

Accordingly, because Weldon failed to file a concise statement of matters complained of on appeal with the trial court in accordance with Pa.R.A.P. 1925(b), his appeal is denied. The trial court's order of March 9, 2016, is affirmed.

_____
JULIA K. HEARTHWAY, Judge

---

[3] Although we recognize that Weldon proceeded in this matter *pro se*, we also recognize that *pro se* status does not confer special benefits or free Weldon of his obligations under Rule 1925. *See Commonwealth v. Adams*, 882 A.2d 496, 498 (Pa. Super. 2005).

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
                                    :
           v.                   :    No. 1547 C.D. 2016
                                    :
Ronnie Weldon,                  :
              Appellant       :

O R D E R

AND NOW, this 31st day of August, 2017, the order of the Montgomery County Court of Common Pleas in the above-captioned matter is affirmed.

_____
JULIA K. HEARTHWAY, Judge