# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

North Coventry Township     :
     :
     v.     :   No. 851 C.D. 2017
     :   Submitted: March 6, 2018
Mrs. Josephine Tripodi and     :
Ms. Geri Carr Tripodi,     :
     Appellants   :


BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
        HONORABLE P. KEVIN BROBSON, Judge
        HONORABLE MICHAEL H. WOJCIK, Judge


*OPINION NOT REPORTED*


**MEMORANDUM OPINION**
**BY JUDGE BROBSON**       **FILED:  June 4, 2018**


Josephine Tripodi and Geri Carr Tripodi (collectively, Appellants) appeal from four separate orders of the Court of Common Pleas of Chester County (trial court), dated April 25, 2017, addressing various motions or petitions filed by Appellants.  We now quash the appeal.

As background, the parties have been litigating this matter since November 2007,[1] when North Coventry Township (Township) filed a complaint against Appellant Josephine Tripodi (Appellant J.T.) as owner of Kline Place Apartments (the Property) for her non-compliance with the Township's property

---

[1] The background information is gleaned from the Court's earlier opinions relating to this matter, which are found at *North Coventry Township v. Tripodi* (Pa. Cmwlth., No. 1214 C.D. 2010, filed March 24, 2011) (*Tripodi I*) and *North Coventry Township v. Tripodi* (Pa. Cmwlth., No. 2075 C.D. 2010, filed June 15, 2011) (*Tripodi II*).

maintenance, plumbing, and electrical codes as they relate to the Property.  In February 2008, the Township sought a preliminary injunction to preclude Appellant J.T.'s use of the Property due to Appellant J.T's continued violations of the Township's codes.  Following a preliminary injunction hearing, the trial court issued an order on April 25, 2008, requiring Appellant J.T.'s compliance with an in-court agreement reached between Appellant J.T. and the Township, which provided that the Property would be inspected and a work schedule created for correction of the Property's code violations.

Thereafter, the Township filed petitions for contempt on October 8, 2008, and January 16, 2009.  At the trial court's February 6, 2009 hearing on the Township's two contempt petitions, the parties reached an agreement that Appellant J.T. would sell the Property to her daughter, Geri Carr Tripodi.[2]  The agreement also provided that a master would be appointed to arrange for inspections and access to the Property, approve a contractor to perform work on the Property, and resolve any disputes with respect to the scope of the work.  The trial court entered an order on February 26, 2009, attaching the parties' agreement.

On March 6, 2009, the Township filed a third petition for contempt.  By order dated June 12, 2009, the trial court appointed a master with authority to oversee the necessary repairs, improvements, renovation, and maintenance to bring the Property into compliance with the pertinent Township codes.  The trial court also ordered Appellant J.T. to pay fees for third-party consultants retained by the master and to place money into an escrow account for the use of the master for fees, costs,

---

[2] Although a party in the matter now before the Court, Appellant Geri Carr Tripodi was not a party in *Tripodi I* or *Tripodi II*.

and expenses of engaging consultants to establish and prepare the plan of repair and remediation for the Property.

On June 26, 2009, the Township filed yet another petition for contempt against Appellant J.T. for failure to cooperate with the court-appointed master and for not allowing for inspections of the Property, as required by the April 25, 2008 in-court agreement. Following a hearing on August 14, 2009, and by order dated August 26, 2009, the trial court found Appellant J.T. in contempt of the trial court's orders dated April 25, 2008, February 26, 2009, and June 12, 2009. The trial court concluded that its prior orders regarding the Property could only be enforced by the sale of the Property in a reasonable commercial manner conditioned upon the buyer remediating the Property and bringing the Property into compliance with the Township's codes or by demolishing the structures. The trial court also ordered Appellant J.T. to pay the Township's attorney's fees and costs, including the master's fees, costs, and expenses. Appellant J.T. did not appeal the trial court's final order, dated August 26, 2009, although she did file motions for reconsideration and an untimely praecipe for determination. By order dated May 20, 2010, the trial court denied reconsideration, having concluded that it did not have jurisdiction to reconsider its August 26, 2009 order. Appellant J.T. then appealed to this Court, and we ultimately affirmed the trial court's order in *Tripodi I*.

During the pendency of the *Tripodi I* appeal, the Township filed its fifth contempt petition with the trial court on June 9, 2010, averring that Appellant J.T. refused to cooperate with the court-appointed master. On September 13, 2010, the trial court held a hearing, during which the Township presented testimony that, although Appellant J.T. was to notify the Township before making any repairs to the Property so that the Township could make sure the repairs were performed in the

appropriate manner and in accordance with the trial court's remediation plan, Appellant J.T. did not notify the Township regarding repairs that addressed any of the Property's plumbing, electric, structural, or health issues. The Township also presented testimony that Appellant J.T. failed to pay the $34,170.00 that she owed for the master's fees, costs, and expenses, and that the Township had not collected any of the $12,411.00 for attorney's fees as ordered by the trial court's judgment against Appellant J.T. Appellant J.T. testified that she did not believe that she owed any money and that she gave a list of the Property's code violations to a Township-approved contractor, so that the contractor would make the repairs. Appellant J.T. acknowledged that she did not notify the Township before she had an electrician or plumber perform repairs to the Property. On September 22, 2010, the trial court issued an order finding Appellant J.T. in contempt of the trial court's orders for her deliberate and willful refusal to obey the trial court's prior lawful orders from which she took no appeals. The trial court concluded that Appellant J.T. could purge her contempt and avoid incarceration by remitting to the Township the sum of $46,581.96. Appellant J.T. then appealed to this Court, and we affirmed in *Tripodi II*.

The present phase of this litigation arose out of the trial court's scheduling of a status hearing in May 2016. The trial court continued the hearing at the request of Appellants, because Appellants informed the trial court that their counsel would be withdrawing her appearance. Shortly thereafter, Appellants' counsel filed a motion for leave to withdraw as counsel on July 11, 2016, which the trial court granted on August 17, 2016. At some point in time, the master served Appellants with invoices, and Appellants, then acting *pro se*, filed objections to the invoices on August 25, 2016. The trial court issued an order, scheduling proceedings

4

for October 26, 2016. On September 9, 2016, the Township filed a petition for an order requiring inspection of the Property and approval of payments from the escrow held by the Township for inspection and engineering services. The Township's petition also requested the trial court to enter judgment for attorney's fees and costs. The trial court issued a Rule upon Appellants, setting a hearing date for October 26, 2016, and specifically advising Appellants that the trial court would deem the allegations of the petition admitted if Appellants did not file an answer by October 5, 2016.

Appellants thereafter filed a motion for extension of time, requesting additional time to secure counsel for the evidentiary hearing. The trial court granted the motion, continuing the hearing until December 15, 2016, which the trial court later changed to December 22, 2016, due to a scheduling conflict. The trial court, however, ordered Appellants to inform the trial court by November 21, 2016, of the identity of counsel who would represent them. The trial court also ordered Appellants' new counsel to enter an appearance by November 23, 2016. The trial court warned that failure to secure counsel would not support any further continuances.

Appellants again moved for an extension of time on November 21, 2016, to which the Township objected. The trial court denied a further extension on November 30, 2016. Appellants did not answer the Rule. The trial court extended the hearing date to January 19, 2017, again for scheduling reasons, and Appellants appeared *pro se* at the hearing. Appellants renewed their motion for extension of time to secure counsel on December 16, 2016, and January 18 and 19, 2017, to no avail. Thereafter, Appellants filed, in February 2017,

long after the date set forth in the Rule, an "Opposition to [Township]'s Proposed Order," which the trial court treated as argument and not evidence.

The trial court issued an order, dated April 25, 2017, based on evidence presented at a January 19, 2017 hearing as well as evidence presented in prior proceedings. The trial court's order, which is on appeal here:

> (1) authorized the Township to use and expend up to $10,000 from an escrow account of $15,000 to engage an engineer to perform an independent full building and maintenance code inspection and to review all buildings/apartments which are part of the Property;

> (2) authorized the Township to use and expend up to $5,000 from the escrow fund to engage a real estate appraiser to appraise the present fair market value of the Property;

> (3) directed appellants to make the Property available for inspections by the engineer and the real estate appraiser, township representatives and the master. If they failed to cooperate within five days, the Township has the right to break and enter the buildings and apartments;

> (4) entered judgment in favor of the master for $61,803.75;

> (5) entered judgment in favor of Township for $34,093.65 for attorneys' fees and costs; and

> (6) directed the master to issue a report to the court after reviewing the engineer's and real estate appraiser's reports.

(Trial court's order, dated April 25, 2017; Reproduced Record at 248a-51a.) The trial court also issued orders the same day denying Appellants' motion for extension of time to file an answer, denying Appellants' motion for relief from judgment/orders and denying Appellants' "motion to dismiss statute of limitations has expired." Appellants then appealed to this Court, and the trial court ordered Appellants to file a statement of errors complained of on appeal pursuant to Pa. R.A.P. 1925(b).

In its opinion pursuant to Pa. R.A.P. 1925(a), the trial court begins by noting that Appellants' concise statement of errors complained of on appeal "was

6

e-filed with the Prothonotary, with no service on chambers." (Trial court's 1925(a) op. at 1-2.) As to the merits, the trial court explains, rather briefly, that this matter involves the issuance of citations that have been upheld on appeal. Further, some of the current issues are waived because they should have been raised in prior appeals or because the courts ruled upon them long ago. The trial court also suggests that the appeal is taken from interlocutory orders.

By order dated August 2, 2017, this Court instructed the parties to address the following issues in their principal briefs on the merits: (1) whether Appellants' failure to serve the trial judge with a copy of their Rule 1925(b) statement results in waiver of issues on appeal; (2) the appealability of the four orders attached to the notice of appeal, which the trial court characterized as interlocutory; (3) how Appellants raised and preserved the issues below, as identified in their Rule 1925(b) statement; and (4) whether Appellants timely raised the issues in their Rule 1925(b) statement.

On appeal, Appellants argue that the trial court erred in denying their motion for extension of time, through which Appellants requested an extension so that they could obtain adequate counsel for the evidentiary hearing. Appellants also argue that the trial court erred in denying their motion for relief from judgment/orders and in ordering inspections and an appraisal of the Property and entering judgment for the master's fees and costs and the Township's attorney's fees and costs, because the Township failed to carry its burden of proof where the evidence presented at the hearing established that (1) Appellants have made the necessary repairs to the Property and (2) the Township is operating under an impermissible conflict of interest, as a member of the Township Board of Supervisors has made offers to buy the Property from Appellants.

7

With regard to Appellants' failure to serve their Rule 1925(b) statement on the trial judge, Appellants note that they timely e-filed their statement with the Prothonotary, and the trial judge actually received a copy of the statement and reviewed it on the merits in his Rule 1925(a) Opinion issued on July 18, 2017. Appellants contend that these circumstances evidence substantial compliance with the requirements of Rule 1925(b) and, therefore, Appellants did not waive their issues.

Rule 1925 provides, in relevant part:

*(a) Opinion in support of order.*

(1) *General rule.*--Except as otherwise prescribed by this rule, upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

. . . .

(b) *Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.*--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

(1) *Filing and service.*--Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa. R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa. R.A.P. 1112(c). . . .

8

(2) *Time for filing and service.*--The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel.

(3) *Contents of order.*--The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) *that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.*

*(4) Requirements; waiver.*

. . . .

(vii) *Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.*

Pa. R.A.P. 1925 (emphasis added).

"Rule 1925(b) sets out a simple bright-line rule, which obligates an appellant to file and *serve* a Rule 1925(b) statement, when so ordered . . . ." *Cmwlth. v. Hill*, 16 A.3d 484, 494 (Pa. 2011) (emphasis added). "[F]ailure to comply with the minimal requirements of [Rule] 1925(b) will result in automatic waiver of the issues raised," even where granting relief has equitable appeal. *Cmwlth. v. Schofield*, 888 A.2d 771, 774 (Pa. 2005). The provisions of Rule 1925 "are not subject to *ad*

9

*hoc* exceptions or selective enforcement[, and] appellants and their counsel are responsible for complying with the Rule's requirements." *Hill*, 16 A.3d at 494. As a result, "failure to serve a [Rule] 1925(b) statement on the trial court judge constitutes a fatal defect which shall result in the issues being waived and the appeal being quashed." *Cmwlth. v. $766.00 U.S. Currency*, 948 A.2d 912, 913 (Pa. Cmwlth. 2008). Thus, we conclude that Appellants' failure to serve their Pa. R.A.P. 1925(b) statement on the trial judge resulted in the issues being waived, and we must quash the appeal.[3]

Were we to address the merits of Appellants' appeal, we would conclude that the trial court did not abuse its discretion in denying the additional requests for continuances. As this Court previously held:

> The grant or refusal of a request for a continuance is within the discretion of common pleas and only where such discretion has been abused will the refusal of a continuance be reversed. Such decision is an inherent power of a common pleas court, and common pleas courts are entitled to deference in their urgent and rightfully prioritized quest to expedite the matters before them.

*Whitacker-Reid v. Pottsgrove Sch. Dist., Bd. of Sch. Directors*, 160 A.3d 905, 913 (Pa. Cmwlth. 2017). "Four factors are used to determine whether a continuance was

---

[3] Appellants cite *Berg v. Nationwide Mutual Insurance Company*, 6 A.3d 1002 (Pa. 2010), in support of their contention that substantial compliance with Pa. R.A.P. 1925(b) is sufficient to preserve issues on appeal. Appellants, however, overstate the holding in *Berg*. In *Berg*, the trial court's order failed to comply with Pa. R.A.P. 1925(b) in that it did not indicate that the statement must be served on the trial court judge and did not inform the appellant that failure to comply would result in waiver. In those limited circumstances, which are not present in the matter before us, the Supreme Court concluded that the appellant did not waive issues because the appellant complied with the express terms of the order and the trial judge received it and addressed the issues. *Berg*, therefore, is inapplicable to the matter at hand, where the trial court's order informed Appellants that they must serve a copy of the statement on the trial judge and that failure to conform with the rule would result in the waiver of all issues.

properly denied: (1) whether the delay prejudiced the opposing party; (2) whether opposing counsel was willing to continue the case; (3) the length of the delay requested; and (4) the complexities involved in presenting the case." *Id.* (quoting *Birdsall v. Carbon Cty. Bd. of Assessment & Revision of Taxes*, 649 A.2d 740, 743 (Pa. Cmwlth. 1994)). Here, continuing delays were costly to the Township due to continued administrative actions relating to code enforcement and prevented the Township from remedying the code issues that had affected the health, safety, and welfare of the community for nine years. Appellants essentially had five months to obtain replacement counsel, and the Township finally objected to continuing the hearing after the trial court granted numerous continuances. Moreover, the issues were not complex, as the Township sought an inspection and approval of bills that had been presented to Appellants in August 2016. Appellants did not object to the necessity or reasonableness of the bills, and the trial court gave Appellants an opportunity to cross-examine the Township manager and master about the bills. Furthermore, Appellants' counsel does not now argue that the charges were unreasonable or not necessary with respect to the fees charged and the tasks undertaken. Finally, the issues were not complex, because many of the matters related to the earlier, final orders of the trial court. Thus, were we to consider this issue, we would conclude that the trial court did not abuse its discretion in denying Appellants' additional requests for a continuance.

Were we to address Appellants' assertion that the Township failed to prove its case, we would similarly conclude that it is without merit. The Township proved that Appellants had not complied with the prior decisions of the trial court concerning the remediation of the Property and that Appellants' lack of compliance has created further significant issues relating to code compliance. Rather than permit

11

inspection, as already ordered by the trial court, Appellants appear to argue that the work that was purportedly done in 2010 or earlier, is sufficient to establish that remediation has occurred. The parties, however, litigated the adequacy of the prior repairs in prior stages of litigation, with the trial court ruling against Appellant J.T. Those prior attempts to remediate are not relevant to the current status of the matter.

Finally, were we to address the alleged conflict of interest of a former Township Supervisor, we would not conclude that the trial court erred, as that individual last served as a Township official more than seven years ago, and Appellants waived any issue they could possibly have by not raising it at the January 2017 hearing.

Accordingly, Appellants' appeal is quashed.

P. KEVIN BROBSON, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

North Coventry Township :
:
v. : No. 851 C.D. 2017
:
Mrs. Josephine Tripodi and :
Ms. Geri Carr Tripodi, :
Appellants :

# **O R D E R**


AND NOW, this 4th day of June, 2018, Appellants' appeal is QUASHED.


P. KEVIN BROBSON, Judge