**COMMONWEALTH of Pennsylvania**

v.

**$766.00 U.S. Currency, (Com. v. Aaron Agnew) (CP–22–CR–2986–2001), Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs April 11, 2008.

Decided May 22, 2008.

Aaron Agnew, appellant, pro se.

James P. Barker, Deputy District Attorney, for appellee.

BEFORE: McGINLEY, Judge, FRIEDMAN, Judge, and McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

This is a *pro se* appeal from a judgment of forfeiture entered by the Court of Com-

---

mon Pleas of Dauphin County (the trial court). Aaron Agnew (Appellant) contends that the trial court erred by granting the Commonwealth's petition in forfeiture, failing to grant his motion to dismiss and failing to grant his motion for return of property. We now quash the appeal.

On or about March 28, 2007, the Commonwealth, through the Dauphin County District Attorneys Office, filed a petition in forfeiture pursuant to Section 6801 of the Judicial Code, commonly known as the Controlled Substances Forfeitures Act (Forfeitures Act), 42 Pa.C.S. § 6801. The petition alleged that on July 20, 2001, Penbrook Borough Police executed a search warrant and seized $766.00 from Appellant. Appellant was arrested based on outstanding warrants. A search of Appellant's apartment uncovered approximately fourteen grams of cocaine, a firearm, drug paraphernalia and the subject $766.00 in United States currency. The Commonwealth alleged that the money represented "money furnished or intended to be furnished by any person in exchange for a controlled substance ... and/or proceeds traceable to such an exchange and/or money used or intended to be used to facilitate" a drug-related offense.[1] (O.R. at Item 1).[2]

The trial court issued a rule to show cause why the forfeiture petition should not be granted, to which Appellant timely responded by filing a document entitled "Claimant's answer to complaint/petition for return of money/motion to dismiss complaint." The Commonwealth thereafter filed a responsive pleading. By memorandum and order dated July 10, 2007, the trial court granted the Commonwealth's petition in forfeiture and denied Appellant's petition for return of money/motion to dismiss complaint.

On July 23, 2007, Appellant filed a notice of appeal with the trial court. By order dated October 18, 2007, the trial court directed Appellant to file a concise statement of matters complained of on appeal.[3] The trial court's order directed Appellant to "file of record and concurrently serve upon this court a concise statement of errors complained of on appeal no later than 21 days after entry of this order."

1. The Commonwealth explains in its brief that the petition states in error that Appellant was sentenced in 2001. The charges were actually the subject of a nolle prosequi. The withdrawal of the charges in the trial court was done to accommodate the filing of federal drug and firearm charges. The Commonwealth asserts that the misstatement does not affect the disposition of the petition because the money remained subject to forfeiture.

2. "O.R." refers to the original record from the trial court.

3. The trial court record reveals that by order dated July 10, 2007, the trial court granted the Commonwealth's petition in forfeiture and denied Appellant's petition for return of money/motion to dismiss the complaint. The record also includes a notice of appeal filed by Appellant, which includes a date-stamp from the Dauphin County Office of Prothonotary evidencing filing on July 23, 2007. It appears that the notice of appeal was filed with an application to proceed in forma pauperis, which was ultimately denied. However, Appellant failed to serve a copy of the notice of appeal on the trial court judge as required by Pennsylvania Rule of Appellate Procedure 906(a)(2). Inexplicably, the record also reveals that on August 16, 2007, the Commonwealth filed a motion for continuance of a forfeiture hearing scheduled during the arbitration week of September 17, 2007. According to the motion, Appellant was being housed in a federal correctional facility and the Commonwealth was unable to secure his attendance via video conference. By order dated August 20, 2007, the trial court continued the matter indefinitely. Thereafter, the trial court issued an order dated October 18, 2007, directing the filing of a concise statement of errors complained of on appeal, wherein the trial court stated that it had just been advised by the Commonwealth Court that Appellant had filed a notice of appeal.

(O.R. at item 13). The order also provided that "[a]ny issue not properly included in said statement shall be deemed waived." *Id.* On November 8, 2007, Appellant filed with the trial court a statement of errors complained of on appeal, essentially challenging the timeliness of the petition for forfeiture. Appellant did not serve a copy on the trial court judge. Instead, the certificate of service states that Appellant served the statement on the Commonwealth and on the Commonwealth Court.

The trial court issued a memorandum opinion, dated November 27, 2007, in which it requested that this Court quash Appellant's appeal for failure to comply with the Pennsylvania Rules of Appellate Procedure. The trial court noted that Appellant failed to serve on the trial court judge both his notice of appeal and statement of errors complained of on appeal. As to the issues raised on appeal, the trial court stated that in order to prevail on the issue of timeliness, Appellant would have to establish that he was prejudiced by the delay. Appellant did not allege any prejudice. Additionally, the trial court concluded that Appellant's failure to specifically deny the forfeiture averment in the petition constituted an admission pursuant to Pennsylvania Rule of Civil Procedure 1029(b).

By order dated December 3, 2007, this Court directed the parties to address in their principal briefs on the merits the impact of Appellant's failure to serve the statement of errors on the trial court judge in light of Pennsylvania Rule of Appellate Procedure 1925 and the terms of the trial court order of October 18, 2007.

On appeal, Appellant argues that the Commonwealth failed to comply with Section 6801 of the Forfeiture Act, thereby resulting in an untimely filing of the notice for a forfeiture action. Appellant also argues that he was prejudiced by the noncompliance and untimely filing of the notice/petition for forfeiture. Finally, Appellant argues that the trial court erred in denying his motion to dismiss. Appellant failed to address in his brief the issue of whether his appeal to this Court should be quashed.

The Commonwealth argues in its brief that Appellant has waived the issues presented by failing to serve on the trial court judge a copy of his statement of errors complained of on appeal. Rule 1925 provides, in part, that if the judge entering the order giving rise to the notice of appeal desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal. Pa. R.A.P.1925. Rule 1925(b)(3) requires that the judge's order directing the filing and service of a statement shall specify that the statement shall be served on the trial court judge. Pa. R.A.P.1925(b)(3). Also, the order shall state that any issue not properly included in a statement timely filed and served shall be deemed waived.[4] *Id.*

---

**4.** Rule 1925(b) was amended May 10, 2007, with an effective date of July 10, 2007. The amended rule reads, in pertinent part, as follows:

(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal,

the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

(1) Filing and service.—Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P.

Our Supreme Court, in *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998), interpreted Rule 1925(b) as establishing a clear rule for waiver by stating that any issues not raised in a court-ordered Rule 1925(b) statement will be considered waived on appeal. Thereafter, in *Commonwealth v. Butler,* 571 Pa. 441, 812 A.2d 631 (2002), our Supreme Court explained that its opinion in *Lord* established a bright-line test resulting in an automatic waiver of issues not included in a Rule 1925(b) statement. In *Butler,* the Supreme Court also recognized the dual requirement of filing a Rule 1925(b) statement with the trial court and serving it on the trial court. In *Commonwealth v. Castillo,* 585 Pa. 395, 888 A.2d 775 (2005), the Supreme Court reiterated that the *Lord/Butler* rule remained necessary. It wrote:

> Thus, the Lord/Butler rule remains necessary to insure trial judges in each appealed case the opportunity to opine upon the issues which the appellant intends to raise, and thus provide appellate courts with records amendable to meaningful appellate review. This firm rule avoids the situation that existed prior to Lord where trial courts were forced to anticipate which issues the appellant might raise and appellate courts had to determine "whether they could conduct a 'meaningful review' despite an appellant's failure to file a Pa. R.A.P. 1925(b) statement or to include certain issues within a filed statement." More-

over, the system provides litigants with clear rules regarding what is necessary for compliance and certainty of result for failure to comply.

*Castillo,* 585 Pa. at 402, 888 A.2d at 779–80 (citations omitted).

This Court, in *Egan v. Stroudsburg School District,* 928 A.2d 400 (Pa.Cmwlth. 2007), specifically concluded, at the request of the court of common pleas, that an appellant had waived all issues on appeal as a result of the appellant's failure to serve a copy of her Rule 1925(b) statement on the trial court judge even though a Rule 1925(b) statement had been filed of record with the trial court. As a result, we entered an order quashing the appeal.

While these cases did not involve the newly amended Rule 1925(b), the cases demonstrate the Supreme Court's commitment to a bright-line rule of waiver for failure to comply with the requirements of Rule 1925. Applying that guidance, this Court previously concluded that failure to serve a 1925(b) statement on the trial court judge constitutes a fatal defect which shall result in the issues being waived and the appeal being quashed. Such a determination is consistent with the prior language of Rule 1925 and the newly amended Rule 1925, the latter of which requires appellants "to file of record in the trial court *and* serve on the judge a concise statement of the errors complained of on appeal." Pa. R.A.P.1925(b) (emphasis added). Furthermore, the language of the

121(a) and shall be complete on mailing if appellant obtains a United States Postal Service form in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

\* \* \*

(3) Contents of order.—The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

amended Rule 1925 reveals that failure to comply with the filing or service requirements continues to result in waiver given that the trial court judge's order must inform appellants that "any issue not properly included in the [Rule 1925(b)] statement timely filed *and* served" shall be deemed waived. Pa. R.A.P.1925(b) (emphasis added).

Accordingly, we must quash Appellant's appeal as a result of his failure to serve the Rule 1925(b) statement on the trial court judge.

## ORDER

AND NOW, this 22nd day of May, 2008, the above-captioned appeal is hereby quashed.