J-A32026-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JP MORGAN CHASE BANK, N.A. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| SHAWN D. DAVIS SOLID FOUNDATIONS LAW MASTER | |
| APPEAL OF: SHAWN D. DAVIS | No. 1463 EDA 2016 |

Appeal from the Judgment Entered April 7, 2016
In the Court of Common Pleas of Delaware County
Civil Division at No(s): 13-4900

BEFORE:  DUBOW, J., RANSOM, J., and PLATT, J.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED MARCH 08, 2017**

In this mortgage foreclosure action, Shawn D. Davis ("Appellant") appeals from the order entered April 7, 2016, granting JP Morgan Chase Bank, N.A. ("Appellee") summary judgment and awarding it judgment *in rem* for $166,330.64, plus interest and costs.  We affirm.

On July 28, 2008, Appellant executed a mortgage and promissory note to Appellee, for real property located at 822 Cypress Street, Lansdowne, Pennsylvania, 19050.  **See** Mortgage, 7/28/08, at 1-16; Promissory Note, 7/28/08, at 1-3.  In October 2010, the mortgage was in default as a result of Appellant's failure to make the required monthly payments.  **See** Account Summaries.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellee commenced the instant action in May 2013. Appellant removed the case to the United States District Court for the Eastern District of Pennsylvania, but the case was remanded back to the Delaware County Court of Common Pleas. In July 2014, Appellee obtained a default judgment against Appellant, which was vacated after Appellant argued she had not been served with the requisite notice of intent. Appellant filed an answer and new matter to the complaint, and Appellee filed a reply.

In September 2015, Appellant filed a motion to compel Appellee to provide her with requested documents, specifically notice sent to Appellant demanding the immediate payment in full of all sums secured by the mortgage, which the court granted. Finally, Appellee filed a motion for summary judgment and Appellant filed a response in opposition. The court granted Appellee's motion on April 7, 2016. Appellant filed a motion for reconsideration, which was denied.

Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement. The trial court issued a responsive opinion.

On appeal, Appellant raises the following issues for our review:

1. Can a national bank extend its credit to a person or corporation? The court did not address the question.

2. Did [Appellee] provide a loan to [Appellant]? The court did not address the question.

3. Did [Appellee] suffer a financial injury from [Appellant]? The court did not address the question.

4. Did [Appellee] as mortgagee of record send [Appellant] a proper Act 6 [n]otice prior to commencing a foreclosure action against [Appellant]? The court did not address the question.

5. Did [Appellee] send [Appellant] a notice of acceleration as stipulated by the subject mortgage prior to commencing a judicial action against [Appellant]? The court did not address the question.

6. Did [Appellee] fulfill all terms and conditions of the subject mortgage instrument prior to commencing a foreclosure action against [Appellant]? The court did not address the question.

7. Are there genuine issues of material fact still present in this matter? The court claimed that there were none.

Appellant's Brief at 5-6.

Prior to addressing Appellant's issues, however, we must determine whether she has preserved them for appeal. We find waiver.

Although Appellant filed her Pa.R.A.P. 1925(b) statement of errors complained of on appeal, she failed to serve her statement on the trial court per its order of May 20, 2016. In determining whether an Appellant has waived her issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers appellant's obligation under the rule. *See In re Estate of Boyle*, 77 A.3d 674, 676 (Pa. Super. 2013). Accordingly, we look to the language of the order to determine whether the court complied with Rule 1925. *Berg v. Nationwide Mutual Insurance Company, Inc.*, 6 A.3d 1002, 1007-08 (Pa. 2010).

Here, we have carefully reviewed the court's 1925(b) order and Appellant's 1925(b) statement. Consistent with all of the requirements of Rule 1925(b)(3), the court's order specified (1) the number of days within

which Appellant was to file a statement of errors; (2) that the statement must be filed; (3) that the statement must be served on the court; and (4) that any issue not properly included in the statement, timely filed and served, would be deemed waived. **See** Pa.R.A.P. 1925(b)(3)(i)-(iv); **Berg**, 6 A.3d at 1008; Order, 5/20/16. Further, an examination of Appellant's statement indicates that it was served upon Appellee's counsel, but not upon the trial court. **See** Pa.R.A.P. 1925(b) Statement, 6/8/16.

Accordingly we find all of Appellant's issues waived for failure to properly serve a timely court-ordered 1925(b) statement.[1] **See**, **e.g.**, **Forest Highlands Cmty. Ass'n v. Hammer**, 879 A.2d 223 (Pa. Super. 2005) (finding Appellant's failure to comply with service requirements and verified admission to receiving notice of the same sufficient to find waiver); **see also Commonwealth of Pennsylvania v. $766 U.S. Currency**, 948 A.2d 912, 915 (Pa. Commw. 2008) (holding that failure to serve a 1925(b)

---

[1] Even if we did not find Appellant's issues waived for purposes of appeal, they are nevertheless without merit. The trial court found (1) Appellee properly notified Appellant of its intent to foreclose and complied with the mortgage agreement; (2) the motion for summary judgment did not unreasonably delay the trial, as a date certain had not been scheduled; and (3) Appellant had admitted, by admission and general denials, her default, lack of payment of interest, and that the recorded mortgage was in the specified amount. Accordingly, we find no abuse of discretion in the trial court's order granting summary judgment in favor of Appellee. **See First Wisconsin Trust Co. v. Strausser**, 653 A.2d 688, 694 (Pa. Super. 1995).

statement on the trial court judge constitutes a fatal defect which results in the waiver of issues and quashal of the appeal).[2]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/8/2017

---

[2] We recognize that Commonwealth Court decisions are not binding precedent on our Court but may serve as persuasive authority. **See Valley Med. Facilities, Inc. v. Pennsylvania Prop. & Cas. Ins. Guar. Ass'n**, 902 A.2d 547, 551 (Pa. Super. 2006); **Commonwealth v. Rodriguez**, 81 A.3d 103, 107, n.7 (Pa. Super. 2013).