J-A11043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ERIE INSURANCE EXCHANGE | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MATTHEW LUTZ, KIMBERLEY LUTZ, | : | |
| DAKOTAH MILLER, AND ANDREW | : | |
| SVRCEK | : | No. 1838 MDA 2016 |
| | : | |
| | : | |
| APPEAL OF: MATTHEW LUTZ, | : | |
| KIMBERLEY LUTZ, AND DAKOTAH | : | |
| MILLER | : | |

Appeal from the Judgment Entered October 7, 2016
In the Court of Common Pleas of Berks County
Civil Division at No(s):  15-16318

BEFORE:   SHOGAN, MOULTON, JJ., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED JUNE 20, 2017**

Appellants Matthew Lutz, Kimberly Lutz, and Dakotah Miller (hereinafter collectively "Appellants") appeal the Order entered in the Court of Common Pleas of Berks County on October 7, 2016, granting the Motion for Summary Judgment filed by Appellee Erie Insurance Exchange.  We affirm.

The trial court briefly set forth the facts and procedural history herein as follows:

---

[*] Former Justice specially assigned to the Superior Court.

On October 31, 2012, Defendants Matthew Lutz, Kimberly Lutz and Dakotah Miller a minor, ("Underlying Plaintiffs"), filed suit against Defendant Andrew Svrcek ("Underlying Defendant" or "Insured") for torts arising out of an altercation, ("Altercation") between Defendants Andrew Svrcek and Matthew Lutz and Dakotah Miller. (Berks docket No.: 12-13670). Defendant Svrcek and another individual accosted Defendants Lutz and Miller when they passed each other hunting, and caused physical harm to Defendant Lutz. Defendant Svrcek plead guilty to a criminal charge of Simple Assault arising out of the Altercation. The 2012 underlying tort case (hereinafter "Underlying Case") is still ongoing, and Underlying Plaintiffs allege intentional torts, as well as negligence in failing to exercise proper care to not cause injury to Underlying Plaintiff Matthew Lutz when Defendant Andrew Svrcek assaulted him.

At the time of the Altercation, Defendant Andrew Svrcek held a homeowners insurance policy with Plaintiff Erie. In the instant case, Plaintiff Erie seeks declaratory relief ordering that Erie has no duty to defend or indemnify Mr. Svrcek in the Underlying case. Defendants Matthew and Kimberly Lutz and Dakotah Miller filed an Answer to Plaintiff Erie's Complaint, but Defendant Svrcek did not. On June 30, 2016, Plaintiff was awarded a default judgment against Defendant Andrew Svrcek.

On July 1, 2016, Plaintiff Erie filed a Motion for Summary Judgment against Defendants Matthew Lutz, Kimberly Lutz, and Dakotah Miller. Following argument, on September 19, 2016, this Court entered an Order granting Summary Judgment against Defendants and in favor of Plaintiff.

Trial Court Opinion, filed December 7, 2016, ay 1-2.

While the trial court's Order granting Appellee's Motion for Summary Judgment was dated September 19, 2016, it was not entered on the docket until October 7, 2016. Appellants filed a timely notice of appeal on November 7, 2016, and on November 17, 2016, the trial court directed Appellants to file and serve upon it a concise statement of the matters

complained of on appeal within 21 days.[1]  Although Appellants timely filed the same, they did not serve the statement upon the trial court.

Moreover, in contravention of Pa.R.A.P. 1925(b)(4), Appellants' Concise Statement of Matters Complained of on Appeal is comprised of six pages, the first five of which are divided into three parts:  "Introduction," "Procedural History," and "Applicable Legal Standard and Argument Section." **See** Concise statement of Matters Complained of on Appeal at 5 (unnumbered).  The final portion of the concise statement, captioned "Statement of Errors" asks:  "Whether the trial court erred and/or abused its discretion in granting [Appellee's] Motion for Summary Judgment." **Id**. at 6 (unnumbered).  Appellants present the same question for our review in their appellate brief. **See** Brief of Appellants at 4.

---

[1] The order reads, as herein relevant, as follows:

> **AND NOW**, this 17th day of NOVEMBER, 2016, [Appellants], [ ], having filed an appeal to the Superior Court, are hereby directed to file of record in the Lower Court and serve upon the undersigned Trial Judge, a Concise Statement of the Errors Complained of [o]n Appeal, no later than twenty-one (21) days after the date of this order in accordance with Pa.R.A.P. 1925(b).  Any issue not included in a timely filed and served Statement of Errors Complained of [o]n Appeal shall be deemed waived.
>
> BY THE COURT:
> /s/[*Trial Court Judge* ]

**See** Record No. 22.

- 3 -

Appellee argues Appellants have waived appellate review for failing to serve a copy of their concise statement upon the trial court and for filing a vague and overbroad statement. Therefore, before reaching the merits of this appeal, we must first determine whether Appellants' issue has been properly preserved for our review. **See Commonwealth v. Wholaver**, 588 Pa. 218, 228-29, 903 A.2d 1178, 1184 (2006), *cert. denied,* 549 U.S. 1171 (2007) (holding that appellate courts may *sua sponte* determine whether issues have been properly preserved on appeal).

As stated previously, a review of the certified record reveals that while Appellants timely filed their Rule 1925(b) statement, they did not serve it upon the trial judge as the court had directed. Typically, a failure to comply with Rule 1925 by filing a Rule 1925(b) statement with the court and concurrently serving the statement on the trial judge results in waiver of all issues. **See** Pa.R.A.P. 1925(b)(1) ("Appellant shall file of record the Statement and concurrently *shall* serve the judge.") (emphasis added); **See also Commonwealth v. Schofield**, 585 Pa. 389, 393, 888 A.2d 771, 774 (2005) ("[F]ailure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised.").

As in the instant case, in **Forest Highlands Community Ass'n v. Hammer**, 879 A.2d 223 (Pa.Super. 2005), the trial judge issued an order instructing the appellant "to file, within fourteen (14) days, a concise, written statement of the matters complained of on appeal, *and to serve a*

*copy of the same upon this Court* pursuant to Rule 1925(b) of the Rules of Appellate Procedure." 879 A.2d at 228 n. 4 (quoting order) (emphasis added). The appellant filed her 1925(b) statement with the prothonotary, but did not serve a copy of the statement on the trial court. In ruling that the appellant waived her issues on appeal, this Court held that Rule 1925(b) is not satisfied when an appellant simply mails his or her 1925(b) statement to the presiding judge, nor is the rule satisfied when an appellant merely files a 1925(b) statement with the prothonotary, as it is not the trial court's responsibility to search the files of the prothonotary to locate the statement. *Id*. at 229.

Similarly, although its decisions are not binding upon this Court, the Commonwealth Court has found issues waived for an appellant's failure to comply with the filing and service requirements of Rule 1925(b). In **Egan v. Stroudsburg School Dist.**, 928 A.2d 400, 401 (Pa.Cmwlth. 2007) the trial court directed the appellant "to file a Pa.R.A.P. 1925(b) statement of matters complained of on appeal within fourteen days, *and serve a copy on the trial court.*" (emphasis added). The appellant timely filed a 1925(b) statement with the prothonotary, but did not serve it on the trial court. Citing **Forest Highlands** with approval, the Commonwealth Court determined that the appellant had waived all issues on appeal for her failure to serve the trial court with her 1925(b) statement as instructed. **See also Commonwealth v. $766.00 U.S. Currency**, 948 A.2d 912, 913 (Pa.Cmwlth. 2008)

(appellant's failure to serve his Rule 1925(b) statement on the trial judge where order directed appellant "to file of record and concurrently serve upon this court a concise statement of errors complained of on appeal" resulted in waiver of issues on appeal under newly amended Rule 1925(b)).

This Court has stressed that:

[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with Pa.R.A.P. 1925, it is the trial court's order that triggers an appellant's obligation under the rule, and, therefore, we look first to the language of that order." **Berg** [**v. Nationwide Mutual Ins. Co.**, 607 Pa. 341, 6 A.3d 1002], 1007–08 [(*opinion announcing the judgement of the court*]. Rule 1925(b)(3) sets forth the contents of a 1925(b) order:

(3) *Contents of order.*—The judge's order directing the filing and service of a Statement shall specify:
(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
(ii) that the Statement shall be filed of record;
(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);
(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.
Pa.R.A.P. 1925(b)(3)(i)-(iv).

**In re Estate of Boyle**, 77 A.3d 674, 676–77 (Pa.Super. 2013). Upon noting that our application of Rule 1925(b) may be harsh, this Court, nevertheless, determined our decision to affirm on the basis of an untimely Rule 1925(b) statement was consistent with Rule 1925(b) and decisional authority. **Id**. at 679.

Herein, the record is clear that Appellants timely filed their Rule 1925(b) statement, although they failed to serve it concurrently upon the trial court, despite the court's express instruction to do so. Therefore, Appellants have waived their issue on appeal.

Even had the statement properly been served upon the trial court, we would find Appellant's issue waived due to vagueness. It is well-settled that issues not included in an appellant's statement of questions involved and concise statement of errors complained of on appeal are waived. **Krebs v. United Refining Co. of Pa.**, 893 A.2d 776, 797 (Pa.Super. 2006). With respect to issues not included in a concise statement, our Supreme Court has instructed that this Court has no discretion in choosing whether to find waiver. Waiver is mandatory, and this Court may not craft *ad hoc* exceptions or engage in selective enforcement. *City of Philadelphia v. Lerner*, ___ Pa. ____, 151 A.3d 1020, 1024 (2016) (quoting *Commonwealth v. Hill*, 609 Pa. 410, 426, 16 A.3d 484, 494 (2011).

While Appellants precede their concise statement with a five page discussion and argument, their ultimate statement "announced a very general proposition; namely, that the trial court erred when it granted [Appellee's] summary judgment motion." *Lineberger v. Wyeth*, 894 A.2d 141, 148-49 (Pa.Super. 2006). Because Appellants failed to include the specific challenges they present in their appellate brief in their statement of errors, we would find those issues waived for that reason as well. *See*

- 7 -

***Commonwealth v. Dowling***, 778 A.2d 683, 686-87 (stating a concise statement that is too vague to permit the trial court to identify issues raised on appeal is the functional equivalent of no concise statement at all).

Order affirmed. [2]

Judge Shogan joins the memorandum.

Judge Moulton files a Concurring Statement.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/20/2017

---

[2] This Court may affirm the trial court's order on any valid basis. ***Plasticert, Inc. v. Westfield Ins. Co.***, 923 A.2d 489 (Pa.Super. 2007).