## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Benjamin Mojica,      :
     Appellant    :
            :
    v.       :
            :
SCI-Mahanoy Security and RHU  :
Officers, i.e., Security Cpt. Sober,  :
Security Lt. Clark, Security Sgt. Malick :
(now Lt.), Security Coll Brobst   :
(now Sgt.), Security Coll Delacruz,  :
Acting Security Coll Umholtz, Security :
Coll Jane and/or John Doe, Restricted :
Housing Unit (RHU) Lt. Wall, RHU :
Sgt. Malick, RHU Coll John Doe,  :
Secretary Pennsylvania Department : No. 1087 C.D. 2018
of Corrections, John Wetzel   : Submitted: September 27, 2019


BEFORE: HONORABLE P. KEVIN BROBSON, Judge
     HONORABLE ANNE E. COVEY, Judge
     HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION BY
JUDGE COVEY[1]        FILED: January 3, 2020


   Benjamin Mojica (Mojica) appeals from the Schuylkill County Common Pleas Court's (trial court) June 29, 2018 order denying Mojica's petition to proceed *in forma pauperis* (Petition) and dismissing Mojica's complaint (Complaint) as frivolous pursuant to Pennsylvania Rule of Civil Procedure No. (Civil Rule) 240(j). After review, we remand to the trial court.

   Mojica is an inmate at the State Correctional Institution at Mahanoy (SCI-Mahanoy). On April 23, 2018, Mojica filed his Petition with the trial court seeking leave to proceed *in forma pauperis* due to his current financial condition. Attached to the Petition was a copy of his Complaint, wherein he sought an award of

---

[1] This matter was reassigned to the author on November 25, 2019.

monetary damages against several security and restricted housing unit (RHU) officers and other employees at SCI-Mahanoy and the Department of Corrections Secretary John Wetzel (collectively, DOC). Therein, Mojica alleged that after DOC placed him in the RHU for 30 days following a failed drug test, DOC negligently handled his personal property by, *inter alia*: (1) removing his personal property from his general population cell without him being present; (2) failing to complete an inmate personal property inventory form at the time they removed his personal property; (3) failing to provide him with his non-contraband personal property during his 30-day stay in the RHU; and (4) failing to return some of his personal property at the time he was released from the RHU and returned to the general population, including, but not limited to, basic household items, food items, personal hygiene items, magazines, and legal papers associated with the criminal case for which he is incarcerated.

On June 29, 2018, the trial court denied Mojica's Petition and dismissed the Complaint pursuant to Civil Rule 240(j). The trial court concluded: "The Complaint sets forth an intentional tort for which [DOC is] entitled to sovereign immunity. Also, [Mojica] fails to aver that the grievance process has been pursued to final [o]rder." Trial Ct. Order at 1. Mojica appealed to this Court.[2] By July 24, 2018 order (Rule 1925(b) Order), the trial court directed Mojica to file a Statement of Matters Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). Therein, the trial court stated: "Failure to comply with this directive **may** be considered by the appellate court as a waiver of all objections to the order, ruling, or other matter complained of." Rule 1925(b) Order at 1 (emphasis added).

---

[2] "Our scope of review is limited to determining whether constitutional rights have been violated, whether the trial court abused its discretion, or whether the trial court committed an error of law." *Lichtman v. Glazer*, 111 A.3d 1225, 1227 n.4 (Pa. Cmwlth. 2015).

On August 3, 2018, Mojica timely filed his Rule 1925(b) Statement with the trial court Prothonotary. On August 22, 2019, Mojica filed an Application for Relief Seeking to Modify the Record (Application) with this Court, requesting inclusion of a document which Mojica claims establishes he served the trial court judge with his Rule 1925(b) Statement, even though he did not include the trial court judge on the proof of service. On November 28, 2018, the trial court issued its opinion pursuant to Rule 1925(a) (Rule 1925(a) Opinion), wherein the trial court recognized it had erred in dismissing Mojica's Complaint because, "upon further review of the Complaint[,] it is clear that the Complaint is couched as [a] negligent tort seeking compensation for personal property not returned to [Mojica]" following his 30-day RHU stay. Trial Ct. Op. at 2, 4. Therefore, the trial court recommended that the matter be remanded to the trial court for further consideration.

DOC argues that Mojica's appeal should be quashed because Mojica failed to serve his Rule 1925(b) Statement on the trial court judge.

Initially,

this Court, in *Egan v. Stroudsburg School District,* 928 A.2d 400 (Pa. Cmwlth. 2007), specifically concluded, **at the request of the court of common pleas**, that an appellant had waived all issues on appeal as a result of the appellant's failure to serve a copy of her Rule 1925(b) [S]tatement on the trial court judge even though a Rule 1925(b) [S]tatement had been filed of record with the trial court. As a result, we entered an order quashing the appeal.

While these cases did not involve the [] amended Rule 1925(b), the cases demonstrate the Supreme Court's commitment to a bright-line rule of waiver for failure to comply with the requirements of Rule 1925. Applying that guidance, this Court previously concluded that failure to serve a 1925(b) [S]tatement on the trial court judge constitutes a fatal defect which shall result in the issues being waived and the appeal being quashed. Such a determination is consistent with the prior language of Rule 1925 and the [] amended Rule 1925, the latter of which

3

requires appellants 'to file of record in the trial court *and* serve on the judge a concise statement of the errors complained of on appeal.' Pa.R.A.P. 1925(b) (emphasis added). Furthermore, **the language of the amended Rule 1925 reveals that failure to comply with the filing or service requirements continues to result in waiver given that the trial court judge's order must inform appellants that 'any issue not properly included in the [Rule 1925(b)] [S]tatement timely filed *and* served' shall be deemed waived**. Pa.R.A.P. 1925(b) (emphasis added).

*Commonwealth v. $766.00 U.S. Currency*, 948 A.2d 912, 915-16 (Pa. Cmwlth. 2008) (emphasis added).

Importantly, Rule 1925(b) gives the trial court judge discretion to order a Statement of Errors Complained of on Appeal "**if** the judge giving rise to the notice of appeal ([trial court judge]) desires clarification of the errors complained of on appeal," in order to file its Rule 1925(a) opinion. Pa.R.A.P. 1925(b) (emphasis added). Here, the trial court filed its Rule 1925(a) Opinion, after the filing of the Rule 1925(b) Statement, and requested a remand so it could correct its error. The trial court did not mention the Rule 1925(b) Statement or Mojica's failure to serve the Rule 1925(b) Statement on the trial court judge. Rather, DOC raised the issue and this Court remanded the matter to the trial court.[3]

---

[3] As explained by the Pennsylvania Superior Court:

[The Pennsylvania Superior Court] ha[s] not found any case involving this scenario; instead, **the cases involve the trial court raising the issue in the [Rule] 1925(a) opinion**. *Berg v. Nationwide Mut. Ins. Co., Inc.*, . . . 6 A.3d 1002, 1004 ([Pa.] 2010) (plurality) ('[The trial judge] stated that he had not been served with [a]ppellants' [Rule] 1925(b) Statement, and concluded that, as a result, all of [a]ppellants' issues on appeal were waived[.]'); *Commonwealth v. $766.00 U.S. Currency*, 948 A.2d 912, 914 (Pa. Cmwlth. 2008) ('The trial court noted that [a]ppellant failed to serve on the trial court judge both his notice of appeal and statement of errors complained of on appeal[.]'); *Forest Highlands Cmty. Ass'n v. Hammer*, 879 A.2d 223, 228 (Pa. Super. 2005) (quoting trial court opinion, 'To date, this [c]ourt has never been served with a copy of a Rule 1925(b) Statement[.]').

Specifically, by July 11, 2019 order, this Court remanded the matter to the trial court pursuant to Rule 1925(c)(1) (relating to the timely filing/service of a Rule 1925(b) Statement) for a determination as to whether Mojica served his Rule 1925(b) Statement on the trial court. On August 12, 2019, the trial court issued an opinion, wherein it stated: "This court[']s review of our office record indicates that we were not directly served by [Mojica] with [Mojica's] [Rule 1925(b)] Statement. However, this judge did timely review the original [Rule 1925(b) Statement] which [was] timely filed with the Schuylkill County Prothonotary on August 3, 2018 as provided by our Prothonotary."[4] Rule 1925(c)(1) Op. at 1.

Significantly, the trial court's Rule 1925(b) Order expressly provided, in relevant part:

> [Mojica] is hereby directed to file of record with the Prothonotary of Schuylkill County and to serve on the undersigned member of this [c]ourt a concise statement of the matters complained of on appeal . . . . **Failure to comply with this directive *may* be considered by the appellate court as a waiver of all objections to the order, ruling, or other matter complained of**.

Rule 1925(b) Order at 1 (bold and italic emphasis added). Rule 1925(b)(3) expressly provides: "The judge's order directing the filing and service of a [Rule 1925(b)] Statement shall specify: . . . (iv) **that any issue not properly** included in the Statement timely filed and **served pursuant to subdivision (b) *shall* be deemed waived**." Pa.R.A.P. 1925(b)(3) (bold and italic emphasis added).

The Pennsylvania Supreme Court has instructed: "[I]n determining whether an appellant has waived his issues on appeal based on non-compliance with [Rule] 1925, it is the trial court's order that triggers an appellant's obligation under

---

*Commonwealth v. Jones*, 193 A.3d 957, 960-61 (Pa. Super. 2018) (emphasis added).

[4] Mojica maintains that he served his Rule 1925(b) Statement on the trial court. Given Mojica's contention and the trial court's statement, it is quite possible that Mojica indirectly served the trial court judge.

5

the rule, and, therefore, we look first to the language of that order." *Berg v. Nationwide Mut. Ins. Co., Inc.*, 6 A.3d 1002, 1007-8 (Pa. 2010). The *Berg* Court warned:

> While we conclude that the specific facts of this case compel a departure from the strict application of waiver contemplated by Rule 1925(b), we note that the case *sub judice* illustrates the importance of the trial court's adherence to the requirements set forth in [Rule] 1925(b)(3). Although the amendments to Rule 1925(b) were intended, in part, to address the concerns of the bar raised by cases in which courts found waiver because a Rule 1925(b) [S]tatement was either too vague or so repetitive or voluminous that it did not enable the judge to focus on the issues likely to be raised on appeal, *see* [Rule] 1925 Comment, **compliance by *all* participants, including the trial court, is required if the amendments and the rule are to serve their purpose.**

*Id.* at at 1012 (bold emphasis added).

In *Commonwealth v. Matsinger*, 68 A.3d 390 (Pa. Cmwlth. 2013), this Court held:

> Although [appellant] may not have directly served the trial court judge in accordance with [Rule] 1925(b)(1), his note requesting that his 1925(b) Statement be forwarded to the trial judge clearly demonstrates that he attempted to effectuate service on the trial judge. Given the trial court's non-compliance with [Rule] 1925(b)(3)(iii), [appellant's] timely filing of his [Rule] 1925(b) Statement with the trial court, his inability to personally serve the document due to his incarceration, and his explicit written request that the Appeals Unit forward the document to the trial judge, we conclude [appellant] substantially complied with the trial court's directive. '**Under these circumstances, where the trial court's order is inconsistent with the requirements of Rule 1925(b)(3)(iii), we hold that the waiver provisions of subsection (b)(4)(vii) do not apply.**' *Berg*, . . . 6 A.3d at 1012.

6

*Matsinger*, 68 A.3d at 395. Similarly, when appellant failed to serve the trial court judge in *Commonwealth v. Jones*, 193 A.3d 957 (Pa. Super. 2018), the *Jones* Court ruled: "We decline to find waiver due to the Commonwealth's potential noncompliance, because the trial court's Rule 1925(b) order itself is deficient."[5] *Jones*, 193 A.2d at 961.

Here, the trial court's use of the word *may*, rather than *shall*, did not sufficiently direct Mojica as to the consequences of his failure to comply. In addition, the trial court in its opinion expressly acknowledged that it "timely reviewed" the Rule 1925(b) Statement, and it did not request waiver based on Mojica's non-compliance, i.e., failure to serve the trial court judge, but rather, requested this Court to remand the matter to the trial court for further consideration. Rule 1925(c)(1) Op. at 1. Quashing the instant appeal after the trial court specifically requested remand to correct its own error would be distorting a Rule that was established to aid the trial court, into a Rule preventing the trial court from correcting its own errors, which the trial court's request for remand was clearly intended to do. Enforcing the waiver rule under these circumstances would be a miscarriage of justice. Accordingly, because the trial court's 1925(b) Order is inconsistent with the requirements of Rule 1925(b)(3)(iv), and the trial court has requested a remand, we hold that the waiver provisions of Rule 1925(b)(4)(vii) do not apply herein.[6]

---

[5] One of the deficiencies was the trial court's use of the word *may*, rather than *shall*. *See Jones*, 193 A.3d 957, 962-63 ("Therefore, the Commonwealth's obligations were unclear, and it was informed that waiver 'may' result.").

[6] Because the trial court did not address any of the issues in Mojica's Rule 1925(b) Statement and we are remanding for the trial court's further consideration, Mojica's issues are no longer ripe for this Court's review.

For all of the above reasons, the trial court's order is vacated and, in accordance with the trial court's request, this case is remanded to the trial court.[7]

_____
ANNE E. COVEY, Judge


Judge Brobson concurs in the result only.

---

[7] Given the Court's disposition of this matter, Mojica's Application is denied as moot.

8

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Benjamin Mojica,             :
           Appellant    :
                     :
        v.              :
                     :

SCI-Mahanoy Security and RHU   :
Officers, i.e., Security Cpt. Sober,   :
Security Lt. Clark, Security Sgt. Malick :
(now Lt.), Security Coll Brobst   :
(now Sgt.), Security Coll Delacruz,   :
Acting Security Coll Umholtz, Security  :
Coll Jane and/or John Doe, Restricted  :
Housing Unit (RHU) Lt. Wall, RHU  :
Sgt. Malick, RHU Coll John Doe,   :
Secretary Pennsylvania Department  :   No. 1087 C.D. 2018
of Corrections, John Wetzel    :

## O R D E R

AND NOW, this 3rd day of January, 2020, the Schuylkill County Common Pleas Court's (trial court) June 29, 2018 order is VACATED, and the matter is REMANDED to the trial court for further consideration. Benjamin Mojica's Application for Relief Seeking to Modify the Record is DENIED.

Jurisdiction relinquished.

_____
ANNE E. COVEY, Judge