# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Lavond Hill, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 323 C.D. 2024 |
| | : | |
| John E. Wetzel, Secretary of | : | |
| Corrections; Mark Capozza, | : | |
| SCI-Fayette Warden; Scott Nickelson; | : | |
| Eric Armel; Joseph Tremeus; | : | |
| S. Mankey; Wesley Tifi; Frank Salvey; | : | |
| Paul Aurandt; Joseph Poska; | : | |
| Jason Dongilli; S. Dailey; Burton; | : | |
| Allen Wood; E. Pitonyak; Yuhouse; | : | |
| D. Collings; Geyer; St. John; | : | |
| Tabb Bickell; Dorina Varner; | : | |
| Keri Moore; Rich Kustenbauder; | : | |
| J.S. Johnson; Rhonda House; | : | |
| Lois Allen; Peter Saavedra; | : | |
| J. Aston; et al. | : | Submitted: March 4, 2025 |


BEFORE:   HONORABLE ANNE E. COVEY, Judge
          HONORABLE LORI A. DUMAS, Judge
          HONORABLE MATTHEW S. WOLF, Judge


**OPINION NOT REPORTED**

MEMORANDUM OPINION BY
JUDGE WOLF                                               FILED:  April 2, 2025


Lavond Hill (Appellant) appeals to this Court from the March 6, 2024 Order of the Court of Common Pleas of Fayette County (Trial Court) dismissing Appellant's Complaint pursuant to Section 6602(e)(2) of the Prison Litigation

Reform Act (PLRA).[1]  Because of Appellant's failure to serve upon the Trial Court a copy of his Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) statement,[2] we are constrained to dismiss his appeal.

## I. Background

On May 13, 2021, Appellant, then an inmate of the State Correctional Institution-Houtzdale (SCI-Houtzdale), filed his Complaint in the Trial Court. Original Record (O.R.), Item No. 1, Compl.  (By the time of his appeal to this Court, Appellant had become an inmate of the State Correctional Institution-Phoenix.) Appellees comprised 95 individuals, all of whom are either officials of the Pennsylvania Department of Corrections (Department) or employees of two other prisons where Appellant had previously spent periods of confinement: the State Correctional Institution-Greene (SCI-Greene), and the State Correctional Institution-Fayette (SCI-Fayette). *Id.* ¶¶ 7-101.  In response to a timely motion, the Trial Court permitted Appellant to proceed *in forma pauperis* in a May 28, 2021 order.  O.R., Items Nos. 2, 4.

The Complaint comprised four counts.  Through the first, Appellant claimed violations by some named Appellees of rights guaranteed by the First, Fourth, Eighth, and Fourteenth Amendments of the United States Constitution; article 1,

---

[1] Section 6602(e)(2) of the PLRA provides that a court "shall dismiss prison conditions litigation at any time" if the court determines that the litigation "is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief." 42 Pa.C.S. § 6602(e)(2).

[2] Rule 1925(b) provides that if a judge entering the order "giving rise to the notice of appeal . . . desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal[.]" Pa.R.A.P. 1925(b).

sections 1, 7, 8, 10, 13, 20, and 26 of the Pennsylvania Constitution;[3] as well as 42 U.S.C. §§ 1981, 1983, 1985-1986, and § 12101. *Id.* ¶ 511. Through Count II, Appellant claims negligence, negligent misrepresentation, negligent entrustment, negligent supervision, and "negligent fraud" through various acts and omissions by certain Appellees. *Id.* ¶ 515. Through Count III, Appellant claims "deliberate indiffer[ence]," intentional infliction of emotional distress, and "intentional infliction of physical pain," through acts and omissions of certain Appellees. *Id.* ¶ 517. Finally, Count IV does not comprise a specific legal claim, but further claims "extreme and outrageous conduct," done "intentionally, recklessly, and maliciously by all [Appellees] against [Appellant]." *Id.* ¶ 519. As a remedy, Appellant sought compensatory damages, punitive damages, and attorney's fees for each count. *See id.* ¶¶ 513, 515, 517, 522. Appellant also requests various forms of declaratory and injunctive relief, an order directing some Appellees to undergo professional re-training; provide Appellant with new exercise shoes and other supplies; and lift a restrictive behavioral plan that was imposed on him. *See generally id.* ¶¶ 490-508.

In support of the above claims, Appellant's factual averments provided a detailed account of various alleged misdeeds by Appellees during his confinement at SCI-Greene and SCI-Fayette. *See generally id.* ¶¶ 102-489. Appellant attached as exhibits written grievances that he had filed at those prisons, all of which were either withdrawn or dismissed as meritless by grievance officers. *See generally id.*, Exs. C-K.

In its March 6, 2024 Order, the Trial Court dismissed the Complaint in its entirety. O.R., Item No. 11 at 3 (unpaginated). The Trial Court explained that it relied on the investigative findings into the grievances filed by Appellant and

---

[3] U.S. CONST. amends. I, IV, VIII, and XIV; PA. CONST. art. I, §§ 1, 7, 8, 10, 13, 20, and 26.

determined therefrom that Appellant defied direct orders given to him by prison officers, making disciplinary measures necessary. *Id.* at 2 (unpaginated). Furthermore, the Trial Court determined that Appellant failed to plead necessary elements for the various allegations in Counts II and III, and that Count IV made "no specific legal claim at all." *Id.* at 3 (unpaginated). Reasoning that "the claims set forth within the Complaint either fall within the scope of the [Department's] authority to impose restrictions and limitation of rights in order to preserve order" or "fail to state a claim upon which relief may be granted," the Trial Court concluded that dismissal was warranted pursuant to Section 6602(e)(2). *Id.* Appellant filed a Notice of Appeal in the Trial Court on March 18, 2024. O.R., Item No. 13.

In an April 9, 2024 order, the Trial Court directed Appellant to file, within 21 days, a Concise Statement of Errors Complained of on Appeal pursuant to Rule 1925(b) and to serve a copy upon the Trial Court. O.R., Item No. 15. In response, Appellant filed a 1925(b) Statement, which raised the sole issue of whether the Trial Court "had the power/authority to dismiss a complaint, *sua sponte*, before the civil action complaint is served to [Appellees][.]" O.R., Item No. 18. A certificate of service indicated that Appellant served copies of the 1925(b) Statement upon two Appellees and upon *this* Court, but not the Trial Court. *Id.*

In a brief opinion in support of its Order, the Trial Court explains that it was required to dismiss the Complaint under Section 6602(e)(2) when it determined that the Complaint failed to allege conduct outside the scope of the Department's authority or to state a claim upon which relief could be granted. O.R., Item No. 19. The Trial Court also notes that it was never served a copy of Appellant's 1925(b) Statement and only incidentally discovered it during a status review of old cases. *Id.*

4

## II. Discussion

As noted, Rule 1925(b) provides that if a judge who entered an order giving rise to an appeal "desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal." Pa.R.A.P. 1925(b). It is further provided in Rule 1925(b)(1) that the "appellant shall file of record the [s]tatement and concurrently shall serve the judge." Pa.R.A.P. 1925(b)(1).

Our Supreme Court has held that, "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a [Rule 1925(b) Statement]. Any issues not raised in a [Rule] 1925(b) [S]tatement will be deemed waived." *Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998). In *Commonwealth v. Butler*, 812 A.2d 631, 633 (Pa. 2002), the Court explained that, before *Lord*, appellate courts enforced waiver selectively "by determining whether they could conduct a 'meaningful review' despite an appellant's failure" to file a Rule 1925(b) statement." Through its *Lord* holding, by contrast, the Court "eliminated any aspect of discretion and established a bright-line rule for waiver." *Id.* Waiver, the Court explained, is thus "automatic" rather than the result of a reviewing court's determination. *Id.*

This Court has repeatedly held that the *Lord/Butler* rule requires the quashal of appeals when the appealing party has been ordered to serve the trial court a copy of its Rule 1925(b) statement but fails to do so.[4] *See Egan v. Stroudsburg Sch. Dist.*,

---

[4] We nonetheless hold that dismissal is proper in light of our Supreme Court's observation that quashal "is usually appropriate where the order below was unappealable, the appeal was untimely, or the court otherwise lacked jurisdiction," but not when there has been "a waiver of the substantive claims that would be raised." *Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 n.3 (Pa. 2001) (cleaned up).

5

928 A.2d 400, 402 (Pa. Cmwlth. 2007) (quashing appeal where appellant "filed her statement in a timely manner, [but] failed to serve it upon the trial court," as "it was not enough to file the statement with the prothonotary and expect the trial court to find it"); *Commonwealth v. $766.00 U.S. Currency*, 948 A.2d 912, 915-16 (Pa. Cmwlth. 2008) (applying *Lord* and *Butler*'s "guidance" in quashing appeal where *pro se* litigant mistakenly served this Court with a copy of her Rule 1925(b) statement rather than the trial court). Waiver is not cured by the trial court's filing of a Rule 1925(a) opinion addressing the merits of the issues on appeal. *Jenkins v. Fayette Cnty. Tax Claim Bureau*, 176 A.3d 1038, 1042 (Pa. Cmwlth. 2018).

Instantly, Appellant failed to serve a copy of his Rule 1925(b) Statement upon the Trial Court. Appellant does not address this issue in his Brief to this Court, focusing instead entirely on the merits of his appeal. Accordingly, and although the Trial Court briefly addresses the merits of the issue raised in Appellant's Rule 1925(b) Statement, we are required to hold that the issues are waived.

For the foregoing reasons, we dismiss Appellant's appeal of the Trial Court's Order.

 

_____
MATTHEW S. WOLF, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lavond Hill,              :
                 Appellant :
                          :
        v.                : No. 323 C.D. 2024
                          :
John E. Wetzel, Secretary of :
Corrections; Mark Capozza, :
SCI-Fayette Warden; Scott Nickelson; :
Eric Armel; Joseph Tremeus; :
S. Mankey; Wesley Tifi; Frank Salvey; :
Pual Aurandt; Joseph Poska; :
Jason Dongilli; S. Dailey; Burton; :
Allen Wood; E. Pitonyak; Yuhouse; :
D. Collings; Geyer; St. John; :
Tabb Bickell; Dorina Varner; :
Keri Moore; Rich Kustenbauder; :
J.S. Johnson; Rhonda House; :
Lois Allen; Peter Saavedra; :
J. Aston; et al. :

# **O R D E R**

AND NOW, this 2nd day of April 2025, Appellant Lavond Hill's appeal from the Order of the Court of Common Pleas of Fayette County in the above-captioned matter, dated March 6, 2024, is hereby DISMISSED.

_____
MATTHEW S. WOLF, Judge