IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| North Coventry Township | : | CASES CONSOLIDATED |
| | : | |
| v. | : | |
| | : | |
| Josephine M. Tripodi, Gerri Carr | : | |
| Tripodi, and OP-North Coventry, LLC | : | |
| | : | |
| Appeal of: Josephine M. Tripodi | : | |
| and Gerri Carr Tripodi | : | No. 200 C.D. 2024 |
| | : | |
| North Coventry Township | : | |
| | : | |
| v. | : | |
| | : | |
| Josephine M. Tripodi and Gerri Carr | : | |
| Tripodi, | : | Nos. 202-204 C.D. 2024 |
| Appellants | : | Submitted: February 3, 2026 |

BEFORE:   HONORABLE ANNE E. COVEY, Judge
                   HONORABLE STACY WALLACE, Judge
                   HONORABLE MATTHEW S. WOLF, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                                          FILED: March 13, 2026

Josephine M. Tripodi (Tripodi) and Gerri Carr Tripodi (collectively, Appellants) appeal pro se from the Chester County Common Pleas Court's (trial court) January 22, 2024 orders: (1) directing that the Kline Place Apartments (Property) be sold to OP-North Coventry, LLC (North Coventry) for the cash sale price of $2,600,000.00; and (2) granting North Coventry Township's (Township) Motion for Attorneys' Fees (Attorneys' Fees Motion) in the amount of $68,344.87. Appellants also appeal pro se from the trial court's January 30, 2024 orders: (1) granting North Coventry's Petition to Intervene; and (2) directing the filing of Land

Services USA Inc.'s (Land Services) Settlement Sheet (Settlement Sheet) and authorizing the payments of seller disbursements set forth therein. Appellants present three issues for this Court's review: (1) whether the trial court misapplied Pennsylvania law by denying Appellants' Emergency Motion for a Continuance (Continuance Motion) and conducting an ex parte hearing to sell the Property; (2) whether the trial court erred by issuing ex parte orders following an ex parte hearing regarding the Property's sale, attorneys' fees, intervention, and the filing of the Settlement Sheet, thereby violating Appellants' constitutional due process rights; and (3) whether all four ex parte orders should be vacated. After review, this Court affirms.

## Background

Tripodi owns the Property which consists of 27 townhomes in the Township. On November 14, 2007, the Township filed an action in the trial court seeking relief relative to Appellants' noncompliance with the Township's property maintenance, plumbing, and electrical codes at the Property. The litigation in this matter has been ongoing since 2007, and has included numerous appeals to this Court.

On September 8, 2020, the trial court directed the Property's sale based on Appellants' civil contempt of the trial court's August 26, 2009 and July 9, 2019 orders, and Appellants' continued refusal to comply with those orders. This Court affirmed the trial court's September 8, 2020 order. *See N. Coventry Twp. v. Tripodi* (Pa. Cmwlth. No. 1023 C.D. 2020, filed Sept. 7, 2022). By May 18, 2023 order, the trial court directed the appointed master (Master) to proceed with the marketing and sale of the Property, and by July 27, 2023 order, the trial court authorized the Master to execute an agreement of sale. On August 7, 2023, Appellants filed an Emergency Motion for a Stay of Execution of Orders and Proceedings Pending the United States

2

Supreme Court ruling (Motion). By October 2, 2023 Memorandum and Order, this Court denied Appellants' Motion and granted the Township's Motion for Sanctions. *See* Memo. & Order (Pa. Cmwlth. No. 606 C.D. 2023, filed Oct. 2, 2023).

By October 20, 2023 order, the trial court scheduled a hearing for October 26, 2023, to address: (a) an award of appropriate counsel fees and delay damages to the Township; (b) the proposed buyer's proposed dates for final settlement and transfer of the Property's title; (c) the record title holders' capacity to convey marketable title; and (d) whether the record title holders will voluntarily transfer the Property's title pursuant to the trial court's prior orders. On October 25, 2023, Appellants filed the Continuance Motion, which the trial court denied. On October 26, 2023, the trial court held an evidentiary hearing at which Appellants did not appear.

The trial court subsequently ordered Gerri Carr Tripodi[1] to appear at a hearing on October 30, 2023, to explain her failure to attend the October 26, 2023 hearing. On October 31, 2023, the trial court ordered Appellants and the proposed buyer to appear at a hearing on November 8, 2023, to discuss the Property's conveyance to the buyer. On November 13, 2023, the Township filed the Attorneys' Fees Motion in the trial court and served a copy on Appellants. On November 15, 2023, the trial court entered a Rule to Show Cause (Rule) establishing a deadline for Appellants to answer the Attorneys' Fees Motion and conduct depositions. The Township served the Rule on Appellants. Appellants did not file an answer to the Attorneys' Fees Motion.

On December 29, 2023, the trial court scheduled an evidentiary hearing for January 17, 2024. The trial court's order also scheduled the Property's settlement to occur on January 24, 2024. On January 22, 2024, the trial court directed the

---

[1] Gerri Carr Tripodi is Tripodi's daughter.

3

Property's sale to North Coventry for $2,600,000.00 and granted the Township's Attorneys' Fees Motion in the amount of $68,344.87. On January 25, 2024, North Coventry filed a Petition to Intervene (Intervention Petition) as the Property's buyer. On January 30, 2024, the trial court granted North Coventry's Petition to Intervene, directed Land Services to file its Settlement Sheet, and authorized the seller disbursement payments set forth therein.

Appellants appealed from all four trial court orders to this Court.[2] On March 6, 2024, the trial court issued four virtually identical orders[3] directing Appellants to file a Concise Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement). Each order contained the following:

> The [Rule 1925(b)] Statement may be served in person, or mailed, to the undersigned at:
>> Chester County Justice Center
>> 201 West Market Street, Suite 7211A
>> Post Office Box 2746
>> West Chester[,] Pennsylvania 19380-0989

Supplemental Reproduced Record (S.R.R.) at 195b-198b. The trial court's March 6, 2024 orders also included the statement: "Any issue not properly included in the [Rule 1925(b)] Statement timely filed and served pursuant to [Rule] 1925(b) shall be deemed waived." S.R.R. at 195b-198b.

On March 26, 2024, Appellants filed their Rule 1925(b) Statements. On April 5, 2024, the trial court filed its opinion pursuant to Rule 1925(a) (Rule 1925(a) Opinion). Therein, the trial court stated: "No [Rule 1925(b)] Statement was served upon the undersigned pursuant to the [Rule] 1925(b)(1) [o]rders. Therefore,

---

[2] By June 20, 2025 Order, this Court consolidated the four appeals.

[3] The only difference among the orders is that two orders referenced the trial court's "January 22, 2024 orders," Supplemental Reproduced Record (S.R.R.) at 196b-197b, and two orders referenced the trial court's "January 30, 2024 orders." S.R.R. at 195b, 198b.

[the trial court] respectfully request[s] that all [Appellants'] appeal issues be considered waived and respectfully request[s] that all the appealed trial court orders be affirmed." S.R.R. at 212b-213b (footnote omitted).

## Discussion

Preliminarily, Rule 1925(b)(1) provides:

*Filing and Service.* **The appellant** shall file of record the [Rule 1925(b)] Statement and concurrently **shall serve the judge**. Filing of record shall be as provided in [Rule] 121(a) and, if mail is used, shall be complete on mailing if the appellant obtains a United States Postal Service [(USPS)] Form 3817 Certificate of Mailing, Form 3800 Receipt for Certified Mail, Form 3806 Receipt for Registered Mail, or other similar [USPS] form from which the date of deposit can be verified in compliance with the requirements set forth in [Rule] 1112(c). **Service on the judge shall be at the location specified in the order**, **and shall be either in person**, **by mail**, **or by any other means specified in the order**. Service on the parties shall be concurrent with filing and shall be by any means of service specified under [Rule] 121(c).

Pa.R.A.P. 1925(b)(1) (bold emphasis added).

According to Appellants' Certificates of Service for their Rule 1925(b) Statements, Appellants served the trial court judge:

Honorable William P. Mahon, S.J.
Chester County Justice Center
201 West Market Street, Suite 7211A
PO BOX 2746
West Chester, PA[] 19380
**Electronic mail through facsimile (fax number)**
**1-610-344-6127**

S.R.R. at 201(b) (emphasis added), 205(b) (emphasis added), 208(b) (emphasis added), 211(b) (emphasis added).

5

The trial court noted in its Rule 1925(a) Opinion:

> [Appellants] certify they made service by facsimile by means of a fax number not associated with the undersigned's chambers. Each of the four (4) [Rule 1925(b)] Statements contained certificate of service language designating service on the undersigned by: "Electronic mail through facsimile (fax number) 1-610-344-6127[.]"[] **This telephone number is a fax number for Chester County Court Administration**[,] **which also did not receive the faxed** [**Rule 1925(b)**] **Statements**.

S.R.R. at 212b-213b (emphasis added).

In *Commonwealth v. Schofield*, 888 A.2d 771 (Pa. 2005), the Pennsylvania Supreme Court,

> reassert[ed] [its] holding in [*Commonwealth v. Lord*, 719 A.2d 306 (Pa. 1998)], [*Commonwealth v. Butler*, 812 A.2d 631 (Pa. 2002)], and now, [*Commonwealth v. Castillo*, 858 A.2d 1156 (Pa. 2004)], that **failure to comply with the minimal requirements of** [**Rule**] **1925(b) will result in automatic waiver of the issues raised**. Specifically, [**Rule**] **1925(b) requires that an appellant** "file of record in the lower court and **serve on the trial judge a** [**Rule 1925(b) Statement**] no later than 14 days after entry" of an order requesting the [Rule 1925(b) S]tatement.

*Schofield*, 888 A.2d at 774 (emphasis added); *see also Egan v. Stroudsburg Sch. Dist.*, 928 A.2d 400, 402 (Pa. Cmwlth. 2007) ("Because [the appellant] failed to comply with the trial court's order to serve her [Rule] 1925(b) [S]tatement upon the trial court, the issues she raised in her [Rule] 1925(b) [S]tatement were waived on appeal."); *Commonwealth v. $766.00 U.S. Currency*, 948 A.2d 912 (Pa. Cmwlth. 2008) (the appellant's failure to serve a copy of his Rule 1925(b) Statement on the trial court judge resulted in waiver of claims challenging forfeiture and was fatal to appeal). Here, the trial court specifically notified Appellants where and how to serve

6

their Rule 1925(b) Statements on the trial court judge. Because Appellants failed to do so, the appellate issues they raised therein are waived.

## Conclusion

For all of the above reasons, the trial court's orders are affirmed.


_____
ANNE E. COVEY, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| North Coventry Township | : | CASES CONSOLIDATED |
| | : | |
| v. | : | |
| | : | |
| Josephine M. Tripodi, Gerri Carr | : | |
| Tripodi, and OP-North Coventry, LLC | : | |
| | : | |
| Appeal of: Josephine M. Tripodi | : | |
| and Gerri Carr Tripodi | : | No. 200 C.D. 2024 |
| | : | |
| North Coventry Township | : | |
| | : | |
| v. | : | |
| | : | |
| Josephine M. Tripodi and Gerri Carr | : | |
| Tripodi, | : | Nos. 202-204 C.D. 2024 |
| Appellants | : | |

# O R D E R

AND NOW, this 13th day of March, 2026, the Chester County Common Pleas Court's January 22, 2024 and January 30, 2024 orders are affirmed.

_____
ANNE E. COVEY, Judge